WILLIAM H. JEWELL

*vs.*

R. G. WEED, *et al.*

It is competent for the legislature, in the first instance, to locate a county seat at any place in a county, as well as to authorize the issue of bonds by county authorities for the purpose of erecting a jail, without in either case submitting the question of such location or issue to the votes of the electors of such county.

An act of the legislature passed in compliance with the constitution is law; and this court cannot inquire into the motives of those who promoted it, or of the legislature by which it was passed, for the purpose of bringing its validity in question.

Consideration of sundry questions peculiar to this case, and arising under ch. 92, Sp. Laws 1871, entitled " An act to authorize the county commissioners of the county of Renville to issue bonds for the erection of county buildings."

Appeal by the plaintiff from an order of the district court for Renville county, sustaining a demurrer to the complaint. The case is fully stated in the opinion.

E. St. JULIEN COX, for Appellant.

ALFRED WALLIN, for Respondent.

*By the Court.*—BERRY, J.—The demurrer which was interposed in this case specifies two grounds of objection to the complaint, viz.: First—That the plaintiff has no legal capacity

Jewell v. Weed et al.

to sue. Second—That the complaint does not state facts sufficient to constitute a cause of action. We will consider the second ground only, as in our opinion it is well taken and goes to the merits of this controversy.

The complaint alleges that the county of Renville is a duly organized county, and the defendants its duly qualified officers; that the county seat of said county, though never definitely or permanently located, is temporarily established at Beaver Falls, in said county; that in February, 1871, defendants, the county commissioners and others, did, without the knowledge or consent of the inhabitants, freeholders and tax payers herein plaintiffs, covertly, secretly and surreptitiously procure and obtain the passage by the legislature of the state of Minnesota of an act entitled " An act to authorize the county commissioners of the county of Renville to issue bonds to build a jail at Beaver Falls," approved February 23d, 1871; that said act authorized the county commissioners to issue the bonds of said county to the amount of $2,000 for the purpose, in the language of said act, " of erecting a jail at Beaver Falls, the county seat of said county;" that to provide for the payment of said bonds, the act authorized the levy of a tax; that by the terms of said act, the proposition to issue said bonds was to be submitted to a vote of the electors of said county at the next annual town meeting; that said town meeting took place, and said proposition was not submitted to a vote of the electors of said county, nor was notice or information given of such election to the proper officers; that the matter was secretly and covertly and designedly kept from the knowledge of the electors of said county, to the end that no opportunity to record their votes against said proposition might be afforded, by the proper officers of said county, and, as but sixteen days intervened between the approval of said act, and the vote to be taken thereupon, it was impossible for any information

thereof to reach the various towns, or the electors thereof, prior to said election, saving only the town of Beaver Creek in said county, and was not so received; that there are thirteen organized towns in said county, casting an aggregate of seven or eight hundred votes, of which the towns of Beaver Creek and Flora cast about one hundred and twenty votes; that the rest of said towns, to the knowledge of defendants, would vote almost unanimously against said proposition, which plaintiff avers defendants well knowing, covertly and secretly withheld the knowledge of said election and vote upon said proposition from the electors of said thirteen towns, (naming eleven of them) in each of which no notice was given, nor vote taken, or election held upon the question of the issuance of said bonds whatever, nor were the electors thereof in any manner or form notified thereof; that no publication of said act was made, * * * and plaintiff shows that the electors of said county were in total ignorance of such proposition; that at said election there were cast in the town of Beaver Creek, about eighty votes affirmative of said proposition, and in the town of Flora there were cast about thirty votes against said proposition, and that there were no other votes cast in said county in favor of the same; that at said election there were cast in the eleven towns aforesaid about five hundred and thirty-five votes, "and by reason of the fraud practised upon the voters of said towns, their excusable ignorance of the fact, mistake and surprise, no votes were cast for or against said proposition whatever; that the fraudulent vote aforesaid, of the town of Beaver Creek, was returned as required by said act, and canvassed in the manner provided, and said board declared the proposition to be carried by a majority of votes, and the issue of said bonds thereby became valid and lawful, although obtained without notice, by mistake, surprise and excusable neglect of plaintiff, and by the fraud of defendants."

Jewell v. Weed et al.

The complaint then proceeds to allege that the commissioners are about to issue, or have issued the bonds, and are engaged in negotiating the same for the purpose of carrying out "their scheme, fraudulently conceived, of building a jail at Beaver Falls,   *   *   and that the more effectually to carry out the end whereof, have held certain meetings and privately made such order for such issuance so that plaintiff has had no information thereof, and has lost his right to appeal from such order; that at a meeting of said county commissioners, held at Beaver Falls aforesaid, on or about the 16th day of March, 1871, the said county commissioners did resolve not to issue said bonds, and so agreed with the plaintiff, the more effectually to throw plaintiff off his guard, and thereupon covertly, secretely, subsequently and without the knowledge of the plaintiff, passed an order rescinding and reconsidering such former order or resolution, and did order the issuance of said bonds, to the great and irreparable injury of said plaintiff." The complaint then goes on to allege that defendants, unless restrained, will proceed to build said jail, and for the payment of the bonds will proceed to levy taxes upon the property of plaintiff, &c., &c.

The prayer of the complaint is, that the bonds if issued may be declared void, and if not, their issuance and negotiation, and the levying and collecting of taxes to pay the same, and the building of said jail, may be enjoined, &c., &c.

The special act of the legislature, pleaded in this complaint, contains two or three important provisions, to which the complaint makes no reference, but which are, of course, proper to be considered in the case.

Section 1 of said act (*ch.* 92, *Sp. Laws* 1871) authorizes the county commissioners of Renville county to issue bonds to the amount of $2,000, for the purpose of erecting a jail at Beaver Falls, the county seat of said county.

Section 4 authorizes the commissioners to negotiate said bonds as in their judgment shall be best for the interests of the county, at not less, however, than eighty-five cents on a dollar.

Section 5 authorizes the levy of taxes to pay the principal and interest of said bonds.

Section 6, which is most important in this case, reads as follows, viz.: " The proposition to issue said bonds shall be submitted to a vote of the electors of said county, at the next annual town meeting. * * * Said vote shall be cast at said election in the same manner as votes cast for town officers, and if upon a canvass of said votes, in the manner provided for the canvass of votes for county officers, a majority of said voters who shall have voted on said proposition, have voted in favor thereof the issue of said bonds shall be lawful. The town clerks of the several towns in said county shall at the time of giving the notice of the annual town meeting, insert in said notices a paragraph setting forth that the question of issuing said bonds, will be voted on at said town meeting, *Provided,* that any neglect or failure on the part of any town clerk to give such notice, shall not invalidate said election or prohibit the canvass of votes cast upon such question."

By section 7, the act is to take effect from its passage.

The demurrer admitting whatever is well pleaded in the complaint, the plaintiff insists that the complaint shows that the act of the legislature is a fraud upon the inhabitants of Renville county, because it attempts to locate the county seat permanently at Beaver Falls, and because all knowledge of the passage of the act or vote to be taken under it was withheld from the voters.

Inasmuch as under its general grant of legislative power, it was entirely competent for the legislature to locate the permanent county seat of Renville county, at any place therein,

Jewell v. Weed et al.

without any regard to the wishes of the inhabitants of said county ; and inasmuch as it is equally competent for the legislature to authorize the issue of these bonds, without submitting the question to popular vote at all, it is impossible that there can be any force in these objections.

The *manner* in which, as the complaint alleges, the passage of the act was procured, certainly does not affect the *validity* of the act itself.   Being the act of the legislature passed, (so far as appears) in compliance with the constitution, reasons too plain to warrant mention forbid this court to inquire into the motives which prompted the action of those who promoted it, or of the legislature by which it was passed.   *Having passed,* it is *law,* and nothing in the history of its origin or passage can furnish any reason why the *courts* should not execute it.

The plaintiff claims further, that the complaint shows fraud upon the part of the defendants, in covertly and secretly withholding " the knowledge of said election and vote from the electors of " eleven of the thirteen towns in the county, in each of which eleven towns, no notice was given, nor vote taken, or election held upon the question of issuing bonds, nor were the electors thereof in any manner or form notified thereof, but were in total ignorance of the proposition, no publication of the act having been made.

There being no legal obligation or duty resting upon the defendants, (the county commissioner, county auditor, and county treasurer) to inform the electors in any way, officially or otherwise, of the submission of the proposition to issue bonds, their conduct in withholding such information cannot be *fraudulent,* however unfair it may be.   Moreover, as we have before seen, the complaint alleges that " as but sixteen days intervened between the approval of said act, and the vote to be taken thereupon, it was impossible for any information thereof to reach the various towns, or the electors thereof, prior to said

election, saving only the town of Beaver Creek, in said county, and was not so received." Upon this statement of *fact* found in the complaint, and the additional *fact* alleged that there was no publication of the act, it would seem that if information of the bond election did not reach the electors, the misfortune was not attributable to the defendants. The act made it the duty of the town clerks to insert in the notices of the annual town meeting, notice of the submission of the bond question. There is no charge of fraud upon the part of such clerks in the general failure to give the notice required. Certainly such failure of the clerks, could not be *fraud* upon the part of defendants. Moreover, the act provides expressly, " that any neglect or failure on the part of any town clerk to give such notice, shall not invalidate said election," &c. Besides, if the plaintiff's allegation of *fact* that as but sixteen days intervened, &c., it was impossible for any information of the submission of the bond question to reach the several towns, &c., &c., prior to the election, be true, it is difficult to see how the town clerks could be expected to insert notice of such submission in their notice of the annual town meeting, inasmuch as the latter notice is required to be posted at least ten days before the day of election.

The charges made in the complaint as to the conduct of the commissioners in ordering the issuance of the bonds, are too unsubstantial to require an answer. So far as we can discern, then, the complaint fails entirely to show that the act of the legislature has not been complied with, or that on account of any fraud, the act itself or the proceedings under it are invalid.

The demurrer was, therefore, properly sustained and the order allowing the same is accordingly affirmed.