OLE A. OLSON *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

June 11, 1888.

Finding on Issue not made by Pleadings—Easement of Maintaining Ditch, how Acquired.—Certain propositions discussed and determined in *Jones* v. *Wilder*, 28 Minn. 238, and *Johnson* v. *Skillman*, 29 Minn. 95, applied to the facts as found by the court in this case.

Same.—The findings of fact considered, and *held* sufficient to warrant the conclusion of law.

Plaintiff brought this action in the district court for Clay county to recover damages for the flooding of his lands and the destruction of his crops, in 1885, by the closing of a ditch which defendant had constructed in 1880, from its right of way to a point some three miles distant; this ditch crossing plaintiff's land and serving to drain off the surface water, and being the same for the construction of which the defendant was held liable to Martin Olson and others, in *Olson* v. *St. Paul, M. & M. Ry. Co., ante,* p. 419. The action was tried by *Mills,* J., upon the pleadings and an agreed statement of facts, in which it was also stipulated that "the evidence, so far as applicable under the pleadings," theretofore taken in certain other actions against this defendant to recover damages for injury to crops, caused, as alleged, by the construction of the ditches mentioned in the complaint, might be read, and that the case should be tried upon such evidence and the agreed facts. Among other facts agreed on or found by the court, were that the large ditch in question was built as an outlet for smaller ditches on defendant's right of way, parallel with its road-bed; that the large ditch was closed in May, 1885, by a dam on defendant's own land, without any notice to plaintiff, whose

crop of wheat was then several inches high; and that the effect of the dam was that the water afterwards flowed over plaintiff's land substantially in the same manner as before the excavation of the large ditch, and destroyed his crop. Judgment was ordered and entered for defendant, and the plaintiff appealed.

O. Mosness, for appellant.

M. D. Grover, for respondent.

COLLINS, J. This case may well be denominated as the opposite of that decided at this term wherein one Martin Olson is plaintiff, in which this defendant, a railroad corporation, was compelled to respond in damages for maintaining a ditch, some miles in length, built at a right angle from ditches excavated parallel to and upon each side of its road-bed; by means of which it was alleged that surface waters were collected, carried in the direction of said Olson's farm lands, and then turned out so as to reach his farm in such quantities, and for such a long period of time, as to destroy his crops. Olson v. St. Paul, M. & M. Ry. Co., ante, p. 419. In this case the plaintiff's right of action is based upon the fact that, discovering it to be a nuisance, the defendant closed the long ditch, before mentioned, by building a dam therein at the point upon its right of way where it intersected one of the parallel ditches, causing an overflow in the latter, whereby the lands of plaintiff near by were inundated and his crops ruined; and upon the further facts that defendant solicited of plaintiff the right to excavate said long ditch across his land, representing that it would drain and greatly benefit it; that verbal permission was given defendant, whereupon it built the ditch, using a strip of plaintiff's land about 16 feet wide, and one-half mile long; that the lands of plaintiff were drained and greatly benefited by the ditch, as represented,—upon which facts he relied and acted when planting the crops said to have been destroyed. As stated, the long ditch had been declared a nuisance when open, and we are now called upon to hold that defendant had no right to abate the nuisance by closing it upon its own premises, at a point and in a manner which will effectually prevent the further improper precipitation of the waters which may accumulate along its road-bed in the parallels, thence flow into the long ditch, and through that, to the detriment of land own-

ers below its terminal.   Should we be so compelled to hold, the defendant would be placed in a most uncomfortable predicament.

The appellant (plaintiff) insists that the fourth finding of fact, as made by the trial court, is entirely out of the record, not justified by the pleadings, nor warranted by any testimony properly before it upon this hearing.   The finding, concisely stated, is that the long ditch is a nuisance, and, when open, flooded the lands below its mouth, to the damage of their owners.   It seems that, prior to the trial of the case at bar, several actions in which the respondent was defendant, of the same nature of the one herein mentioned, had been arbitrated, tedious hearings had, much testimony taken and reduced to writing.   It was herein stipulated that said testimony, "so far as applicable under the pleadings," should be read, and upon such testimony and other stipulated matters the case should be tried.   It must be admitted that there is no allegation in the pleadings under which testimony tending to warrant the finding could be introduced, if seasonably objected to; but it does not follow that there was not offered, read, and received without protest, and possibly by consent, abundant testimony upon the point covered by the finding.   The testimony taken by the arbitrators, and used upon this hearing by stipulation, is not presented to us as a part of this record, and we cannot infer that any part of it was improperly received or considered, or that the finding is not fully justified by evidence introduced without objection.   The presumption is that the fact embraced in the finding was properly litigated at the trial, and is sustained by competent testimony.   *Jones* v. *Wilder*, 28 Minn. 238, (9 N. W. Rep. 707.)   We gather from appellant's brief his concession that the evidence before the arbitrators was ample to warrant such a finding of fact, but that the court should have wholly ignored it.   This would have imposed upon the court the labor of closely scrutinizing many folios of written evidence, extracting such as might be clearly admissible in the case at bar, and rejecting the balance, without the aid or suggestion of counsel.   If in this testimony there was much that was inadmissible under these pleadings, (as is now asserted,) the obligation rested upon counsel—not on the court—to discover it, and by timely interference prevent its consideration.

There was no contract between these parties, even by parol. The findings of the court show that plaintiff permitted the defendant to enter upon his land, and make an excavation, which the latter represented would be of benefit to the plaintiff, increasing the productiveness of his land. Not a single element of a binding contract existed; it was simply a license to perform certain acts,—authority for whatever might be done within its terms, but revocable at pleasure. The right to maintain the ditch is an easement which can only be acquired by grant or prescription. See *Johnson* v. *Skillman*, 29 Minn. 95, (12 N. W. Rep. 149,) in which the cases are collated and thoroughly reviewed. As the defendant obtained no easement upon plaintiff's land, is wholly without authority to maintain the ditch thereon, has no remedy should its further enjoyment be forbidden, it must follow that it is not obliged to continue or keep it in use. Nor can it be compelled to compensate plaintiff for damages to his crops caused by its simple act of closing the ditch upon its own land, whereby, by reason of the contour of the ground, surface waters, the overflow of the parallel ditches, make their way across plaintiff's farm substantially as they would do in their natural course were the ditches not in existence. We deem it unnecessary to say more, save that the doctrine of estoppel *in pais* has no application here, and that there has been no violation of Gen. St. 1878, c. 124, § 60.

Judgment affirmed.