ERNST AHLBERG *vs.* SWEDISH-AMERICAN BANK OF MINNEAPOLIS.

Argued Oct. 12, 1892.   Decided Oct. 27, 1892.

**Facts Litigated by Consent.**

> Where the court, on a trial without a jury, finds facts relating to the subject-matter of the action, other than those alleged in the pleadings, it will be presumed, the record not showing the contrary, that such facts were litigated by consent.

Appeal by defendant, The Swedish-American Bank of Minneapolis, from a judgment of the Municipal Court of the city of Minneapolis, *Mahoney*, J., entered January 8, 1892.

This action was brought by the plaintiff, Ernst Ahlberg, against the defendant, to recover $257.67, collected by it in Norway for plaintiff, and which it refused to pay over. The court made findings of fact, and ordered judgment for plaintiff. This was entered, and defendant appeals.

*Veland & Holt*, and *Wilson & Van Derlip*, for appellant.

*Gjertsen & Rand*, for respondent.

GILFILLAN, C. J.   The only question raised is as to the sufficiency of the facts found, on a trial without a jury, to justify judgment in favor of plaintiff.   According to the facts found, defendant, as plaintiff's agent, collected for him a certain sum of money.   Plaintiff residing in Montana, and desiring that the money might draw interest until he should return to Minneapolis, he, through his brother, as his agent, arranged for a certificate of deposit, and defendant made such a certificate, payable to his order in three months from the date, (July 1, 1891,) with interest at the rate of four per cent. per annum.   This was left with defendant till August, when defendant, upon plaintiff's request that it send the certificate to him, mailed it to him by registered letter, but he never received it, nor any of its proceeds, and never indorsed it; but it came—how is not found—into the possession of a bank in Minneapolis, to whom the defendant paid it, and took up the certificate.

The complaint is based on the proposition that defendant is liable

as agent, and for money of plaintiff, held by it in that capacity. The findings, however, show that the relation of principal and agent had ceased, and that of creditor and debtor had arisen, in which latter relation there was a liability upon which plaintiff had a right of recovery. Although the facts showing a liability upon that ground are not stated in the complaint, they are found by the court, and, there being nothing to show the contrary, we presume that the parties without objection litigated the facts found,—litigated by consent the whole transaction between them in respect to the money, the subject-matter of the action,—without regard to the state of the pleadings. The case, as found, is that defendant, having become plaintiff's debtor in respect of that money, and the debt being past due, had not paid it when the action was commenced. Its payment of the amount of the certificate to a party not authorized by plaintiff to receive it of course did not affect the debt to him.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 196.)