CHARLES E. BOWERS v. MISSISSIPPI & RUM RIVER BOOM COMPANY.[1]

May 21, 1896.

Nos. 9919–9920—(74–114).

**Appeal—Burden of Showing Error.**

Application of the rule that error in the proceedings in the trial court must be made to appear from the record on appeal, and will not be presumed.

Appeals by defendant from a judgment of the district court for Anoka county, and from an order, Russell, J., granting plaintiff's motion to amend the complaint. Affirmed.

*J. B. Atwater*, for appellant.

*A. E. Giddings* and *E. Hammons*, for respondent.

COLLINS, J. This was an action of trespass; plaintiff alleging in his complaint that, by reason of the wrongful placing of piling in the Mississippi river by defendant company, about six acres from one governmental subdivision of his land had been washed away, and about one acre from another subdivision. The general damages sustained by reason of those acts were alleged to be $1,000. The jury assessed the damages at $400, and, in answer to special questions, found that four acres had been washed from the first-mentioned subdivision, and one and one-half acres from the last-mentioned. Thereupon judgment was entered for the amount of the verdict, with interest and costs,—in all, for $478.48. The defendant then appealed from the judgment, and subsequently plaintiff's counsel moved to

[1] Reported in 67 N. W. 362.

amend the complaint by striking out the words "one acre," whereby the amount of land washed from one of the subdivisions was fixed, and inserting the words "one and one-half acres," so as to make the complaint conform to the facts proved, verdict returned, and judgment entered. This motion was granted, and defendant appealed from the order.

The only point made by counsel on the appeal from the judgment is that because of the special finding whereby the amount of land washed from one of these subdivisions was found to be "one and one-half acres," when in the complaint it was alleged to be "about one acre," there was a material variance from the allegations of the complaint, the verdict, as to the amount of damages, was not within, or limited by, the ad damnum clause in that pleading, and the judgment based on the verdict awarded to plaintiff a larger sum than he was entitled to recover.

We need not inquire whether, taking the allegations in respect to the quantity of land washed away, and the averments in respect to the amount of general damages, in connection with the entire verdict, there was a material variance, or whether the verdict was opposed to the general rule that a plaintiff cannot recover greater damages than he has demanded in his complaint; for, if there was error on the trial, it was incumbent on defendant's counsel to show it. This has not been done. We have no settled case or bill of exceptions before us, and consequently nothing which indicates that the finding was erroneous, when examined in the light of what transpired upon the trial. We have nothing to show that it was not within, and justified by, the rulings of the court, to which rulings no exceptions were taken, or that the counsel now raising the objection did not acquiesce in an instruction that, notwithstanding the allegations in the complaint, the jury, when determining the number of acres washed away, might fix it at any number warranted by the evidence. If pointed out at the trial, the apparent variance between the pleading and the proof could have been disposed of by amendment, or an erroneous instruction of the character mentioned could have been corrected. If counsel chose to permit the case to go to the jury without any attempt to have the question properly submitted, he must now abide the result. If, upon the other hand, he did not acquiesce in what may have been error, it was his duty to show the fact on appeal, for it is

not to be presumed. As the case stood when plaintiff's counsel moved to amend, there was no necessity for the motion, for, without settling a case or preparing a bill of exceptions, through which the error, if any, could have been shown, an appeal had been taken from the judgment. Under such circumstances the return on appeal would not disclose the existence of any error. The order allowing the amendment was simply superfluous.

The judgment is affirmed, and also the order appealed from.