RICHARD PEACH v. ED. REED.[1]

November 14, 1902.

Nos. 13,157—(52).

## Appeal from Judgment—Review.

On appeal from a judgment, where there is no bill of exceptions or settled case, the only question which will be reviewed is whether the

[1] Reported in 92 N. W. 229.

finding of facts by the judge, or the verdict of the jury, as the case may
be, sustains the judgment. If the facts established by either are not
within the issues made by the pleadings, they will be presumed, the
record not showing otherwise, to have been litigated by consent, and
the sufficiency of the pleadings cannot be reviewed. ·

Appeal by plaintiff from a judgment of the district court for
Redwood county, Webber, J. Affirmed.

*Einor Hoidale* and *Pierce & Harriott,* for appellant.

When there is no case or exceptions, the appellate court, on
appeal from the judgment, will determine whether on the plead-
ings and verdict the judgment entered up was proper. When the
trial is by the court, the inquiry on appeal is more particularly as
to whether on the findings of the court it is proper. The rule may
be stated· generally to be that on appeal from judgment, when
there is no case or exceptions, the court will determine whether on
the pleadings and verdict or findings of the court the judgment is
proper. Willie v. Bartz, 88 Wis. 424; Griggs v. Docter, 89 Wis.
161; Reynolds v. La Crosse & Minn. P. Co., 10 Minn. 144 (178);
Brown v. Lawler, 21 Minn.·327; Shelden v. Weatherwax, 75 Mich.
418; 2 Thompson, Trials, § 2771; Jackson v. City (Mass.) 64 N. E.
418. Under the facts set out in the pleadings, defendant was not,
under any circumstances, entitled to recover the full value of the
property; and, as the answer fails to state any value other than
the full value, the court erred in submitting the question of value
to the jury, and erred in receiving and recording the·verdict and
finding the full value. La Crosse & Minn. P. Co. v. Robertson, 13
Minn. 269 (291); Shearer v. Gunderson, 60 Minn. 525.

*Geo. T. Olsen* and *Somerville & Olsen,* for respondent.

The judgment appealed from should be affirmed, because the
assignments of error do not specify any error and are indefinite,
meaningless and wholly insufficient to raise any question for
review. The first assignment of error is that "The court erred in
submitting the case to determination of the jury." This assign-
ment of course brings up nothing for review. There being no
settled case and nothing to show what occurred at the trial, no
error can be reached or shown under such an assignment. Bowers

v. Mississippi & R. R. Boom Co., 64 Minn. 474; Sanders v. Wagon-seller, 19 Pa. St. 248. The second assignment of error that "The court erred in receiving and ordering the verdict to be recorded," is meaningless. It is subject to the same defect, that there is nothing to show that it was not done with the consent and at the request of appellant. No objection or exception is shown. And without pointing out some error or defect in the verdict itself it is certainly no error to receive and record it. The third assignment of error that "The court erred in giving the judgment entered up" is equally abortive. It points out no error or defect in the judgment, nor does it specify any part or portion thereof or any adjudication therein as being erroneous. The rule is well established that an assignment of error that the court erred in denying a motion for a new trial made on several grounds is insufficient. It is equally true that an assignment of errors that the court erred in giving the judgment entered up, where that judgment adjudges and determines numerous distinct issues and rights, is insufficient. The assignment must point out the error intended to be raised. That "the court erred in its findings and order for judgment" is not a sufficient assignment of error, because it does not point out any finding or any conclusion made by the court as erroneous. Dallemand v. Swensen, 54 Minn. 32. "That the court erred in its conclusions of law on the facts found by the jury" is not a sufficient assignment of error. Austin v. Earhart, 88 Ind. 182. A judgment is nothing more than the conclusions of law made by the court upon the facts found by the jury. That "the decision was not justified by the evidence and is contrary to law" is not a good assignment of error. Smith v. Kipp, 49 Minn. 119. The assignment of error must point out the particular error complained of. Albrecht v. City of St. Paul, 56 Minn. 99. That "the judgment is contrary to law," or that "the judgment is contrary to the law and evidence," are not sufficient assignments of error. Malone v. County, 77 Cal. 217; Smola v. Caffery, 83 Iowa, 760.

The judgment appealed from should be affirmed for the further reason that appellant in his brief fails to argue any error attempted to be assigned. In such case it must be held that the assignment of errors is waived if any had been made. Boe v.

Irish, 69 Minn. 493; Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315; Johnson v. Johnson, 57 Minn. 100; Dodge v. McMahan, 61 Minn. 175.

The judgment should be affirmed because the record on this appeal brings up no question for review. Where a judgment is entered which is not authorized by the findings or verdict, the appellant must first apply to the trial court for a correction before he can raise that question on appeal. Hall v. Merrill, 47 Minn. 260. The findings of the court have the same force and are supported by exactly the same presumptions as the verdict of a jury. Knoblauch v. Kronschnabel, 18 Minn. 272 (300). But in other cases where the question was directly involved this court has stated the rule in clear terms, applying it alike to findings by the court and verdicts by a jury. City of St. Paul v. Kuby, 8 Minn. 125 (154); Henry v. Hinman, 21 Minn. 378; Koethe v. O'Brien, 32 Minn. 78; Duncan v. Everitt, 55 Minn. 151; Board of Trustees of Ripon College v. Brown, 66 Minn. 179. Where there is no settled case the only question for review is whether the findings of fact justify the conclusions of law. And it is presumed that the evidence justifies the findings of fact. Brigham v. Paul, 64 Minn. 95; Du Toit v. Fergestad, 55 Minn. 462; Davis v. Tribune J. P. Co., 70 Minn. 95; Village of Wayzata v. Great Northern Ry. Co., 50 Minn. 438. It is too late on appeal to raise objections to a pleading which might have been amended. Merriam v. Pine City Lumber Co., 23 Minn. 314; Nelson v. Thompson, 23 Minn. 508; Ahlberg v. Swedish-Am. Bank of Minneapolis, 51 Minn. 162; Yorks v. City of St. Paul, 62 Minn. 250; Bowers v. Mississippi & R. R. Boom Co., supra.

Defendant's possession of the property at the time suit was commenced is alone sufficient to entitle him to a return or the value of the property, as against any one who fails to prove a better title. Anderson v. Gouldberg, 51 Minn. 294.

START, C. J.

Action to recover the possession of the live stock described in the complaint. The result of the trial thereof was a verdict in favor of the defendant that he was entitled to the possession of the property, that it was of the value of $500, and that he was entitled

to recover as damages for the detention thereof the sum of $10. Judgment was entered upon the verdict in accordance with its terms. The plaintiff appealed from the judgment.

The record contains no settled case or bill of exceptions. It consists of the complaint, answer, reply, the judgment, which recites that the action was tried by the court and jury, and sets out the verdict in full, and the notice of appeal. The only question here attempted to be raised by the plaintiff is that the verdict and judgment are not sustained by the pleadings, in that the answer does not state any defense, but, in legal effect, admits the plaintiff's title to, and right of possession of, the property. It is not clear that the answer does not put in issue the plaintiff's right to the possession of the property, but we deem it unnecessary to discuss or decide the question, for the reason that the objection of the defendant that the record presents no questions for review must be sustained.

The office of a bill of exceptions or a settled case is to place in the record matters showing alleged errors which do not appear upon the face of the record proper, which consists of the summons, pleadings, verdict, and judgment. The general rule in most jurisdictions is that any error appearing upon the face of the record proper may be reviewed upon appeal from the judgment or on writ of error without a bill of exceptions or settled case, and that the question whether the pleadings support the verdict and judgment may always be so raised. But the reluctance of this court to sanction the practice of raising the question of the sufficiency of the pleadings for the first time in this court, instead of raising it by demurrer or on the trial, so that the rights of the parties on the merits may be conserved by an amendment of the pleadings, has led to the adoption of a much stricter rule. Where the appeal is from a default judgment, the question of the sufficiency of the complaint may be raised in this court for the first time, for, the defendant having never appeared in the district court, there can be no presumption that any matter was litigated by consent. In such a case it is to be presumed that the allegations of the complaint were the defendant's guide in deciding whether he would answer or not. The judgment, however, will be sustained, al-

though the complaint would be held bad on demurrer, if the facts to sustain the judgment can fairly be inferred from the allegations of the complaint. Solomon v. Vinson, 31 Minn. 205, 17 N. W. 340; Doud Sons & Co. v. Duluth Milling Co., 55 Minn. 53, 56 N. W. 463; Northern Trust Co. v. Markell, 61 Minn. 271, 63 N. W. 735; Slater v. Olson, 83 Minn. 35, 85 N. W. 825.

But on an appeal from a judgment in an action tried without a jury, where there is neither a bill of exceptions, nor a settled case, the only question that can be raised is that the findings of fact by the trial judge do not support the judgment. No question as to the sufficiency of the pleadings to support the judgment can be raised. Jones v. Wilder, 28 Minn. 238, 9 N. W. 707; Olson v. St. Paul, M. & M. Ry. Co., 38 Minn. 479, 38 N. W. 490; Abbott v. Morrissette, 46 Minn. 10, 48 N. W. 416; Ahlberg v. Swedish-Am. Bank of Minneapolis, 51 Minn. 162, 53 N. W. 196; Yorks v. City of St. Paul, 62 Minn. 250, 64 N. W. 565; Brigham v. Paul, 64 Minn. 95, 66 N. W. 203; Wheadon v. Mead, 71 Minn. 322, 73 N. W. 975; Stevens v. Stevens, 82 Minn. 1, 84 N. W. 457. The reason for the rule is that error will not be presumed, but, on the contrary, it will be presumed that competent evidence was introduced to sustain the facts found, for the finding is of equal weight with the verdict of a jury. Knoblauch v. Kronschnabel, 18 Minn. 272 (300). And further, if the facts found are not within the issues made by the pleadings, it will be presumed, the record not showing to the contrary, that such facts were litigated by consent.

Counsel for the plaintiff concedes this to be the rule when the cause is tried by the court without a jury, but insists that it has no application when a verdict is rendered by a jury. Why not? The evils and injustice of permitting the question of the sufficiency of the pleadings to be raised for the first time on appeal are the same in each case. In principle it can make no difference whether the facts are found by one man or twelve men. The finding of the facts by the judge is in the nature of a special verdict, which is entitled to no greater presumptions to support it than a general verdict of the jury. It will be presumed, the record not showing otherwise, that all of the facts necessary to support the general verdict of the jury are established by sufficient evidence; and, if

they are not alleged in the pleadings, it must be presumed that the parties litigated them by consent, precisely as is done where the facts are found by the judge. The two cases cannot be distinguished, and if in the one the facts found, although not within the issues made by the pleadings, will be presumed, on review without case or exceptions, to have been litigated by consent, they must also be in the other. Bowers v. Mississippi & R. R. Boom Co., 64 Minn. 474, 67 N. W. 362.

We accordingly hold that on appeal from a judgment, where there is no bill of exceptions or settled case, the only question which can be reviewed is whether the finding of facts by the judge, or the verdict of the jury, as the case may be, sustains the judgment. The question of the sufficiency of the pleadings cannot be reviewed in either case.

The judgment appealed from in this case follows the verdict, and is sustained by it.

Judgment affirmed.