## MARY PAVELKA v. JOHN E. PAVELKA.[1]

November 17, 1911.

Nos. 17,250—(87).

**Appeal from judgment — absence of case or bill of exceptions — review of pleadings — jurisdiction of court.**

The defendant, in this a divorce action, appealed from the part of the judgment that adjudged the plaintiff was the owner of an undivided one-half of eighty acres of land in the state of Wisconsin, the title to which is in the name of the defendant, and that he convey it to her. The record in this case contains no settled case or bill of exceptions. *Held:*

1. In such a case, the sufficiency of the pleadings to support the judgment cannot be raised; the presumption being, the record not showing to the contrary, that the facts found were litigated by consent. The record herein does not show the contrary.

2. A finding of fact, appearing in the court's conclusions of law, not inconsistent with other specific findings of fact, must be treated as one of fact. The findings of fact sustain the judgment.

3. The fact that real estate is situated beyond the jurisdiction of the court does not prevent it from acting in personam, and commanding, with reference thereto, its own citizens, of whom it has jurisdiction, whenever it is necessary to enable the court to do justice between the parties before it. It may in such cases compel a conveyance of real estate situated in another state.

Action in the district court for Hennepin county for divorce, and for other relief. The complaint alleged the value of the homestead was $5,000 and of the Wisconsin land was $2,500. The answer denied that defendant was the owner of any real estate or

[1] Reported in 133 N. W. 176.

personal property of greater value than $3,000, and alleged that the homestead was owned jointly by the parties. The case was tried before John Day Smith, J., who made findings and granted plaintiff a divorce. From that part of the judgment which reads: "That plaintiff is the owner, by virtue of contributing an equal one-half of the purchase price of an undivided one-half of the following real estate situate, lying and being in Barron county, in the state of Wisconsin, described as follows: * * * and the defendant is hereby ordered and directed to convey to plaintiff, in fee simple, by deed with the usual covenants of warranty, an undivided one-half interest in and to the above-described Barron county land, within ten days from the entry of judgment herein—the record title to all thereof now being in the defendant," defendant appealed. Affirmed.

*W. A. McDowell,* for appellant.
*Homer Morris,* for respondent.

Start, C. J.

This is an appeal from that part of a judgment of the district court of the county of Hennepin which adjudged that the plaintiff is the owner of an undivided one-half of eighty acres of land in the state of Wisconsin, the title to which was in the name of the defendant, and that he convey the same to the plaintiff by warranty deed. The parties hereto were husband and wife prior to the entry of the judgment, and the action was one for a divorce on the ground of the defendant's cruel and inhuman treatment. The judgment dissolved the marriage relation, awarded alimony to the plaintiff, and contained the further adjudication we have stated. The record contains no settled case or bill of exceptions, but only the pleadings, findings of fact, conclusions of law, and the judgment. In such a case no question as to the sufficiency of the pleadings to support the judgment can be raised; for, if the facts found are not within the issues made by the pleadings, it will be presumed, the record not showing to the contrary, that such facts were litigated by consent. Peach v. Reed, 87 Minn. 375, 92 N. W. 229.

1. The first contention of the defendant, to be considered, is that

the allegations of the complaint as to the plaintiff's ownership of an undivided half of the eighty acres are not sufficient to support the part of the judgment appealed from, and that it appears from the record that the question of her ownership was not litigated by consent, hence the rule stated does not apply.

The allegations of the complaint with reference to the eighty acres of land in Wisconsin are to the effect that the defendant was the owner of eighty acres of land situated· in the state of Wisconsin, describing it, that it was of the value of $2,500, and that it was purchased with the proceeds of the joint labor of the parties. The findings of fact relevant to these eighty acres, including those found in the conclusions of law, are that the plaintiff is the owner, by virtue of having contributed an equal one-half of the purchase price, of an undivided one-half part of the real estate in the state of Wisconsin, and the defendant is the owner of the other undivided one-half thereof, and, further, that during the time that plaintiff and defendant were living and cohabiting together defendant purchased and took title in his own name to the real estate situated in Wisconsin, which was paid for by the joint efforts of both plaintiff and defendant and from the produce of the eighty acres of land upon which they lived, each of the parties hereto contributing an equal undivided one-half of the purchase price thereof, that it is unincumbered, and reasonably worth the sum of '$1,300. As a conclusion of law the trial court directed the defendant to convey to the plaintiff by warranty deed with the usual covenants the undivided one-half of the eighty acres· of land in Wisconsin.

The finding found in the conclusions of law, to which we have referred, not being inconsistent with any other specific finding of fact, may be treated as one of fact. Town of Campbell v. Waite, 84 Minn. 254, 257, 87 N. W. 782; Dunnell, Minn. Digest, § 9854.

It is true, as urged by defendant, that evidence as to the property owned by the respective parties would have been admissible upon the question of alimony; but it does not necessarily follow that it appears from the record that the rights of the plaintiff to the eighty acres of land were not litigated by consent. If the fact was otherwise, it would have been an easy matter for the defendant, by a

bill of exceptions, to have shown it. The burden is on him to show error, for it will not be presumed. We accordingly hold that the only question presented by the record is whether the findings of fact sustain the conclusion of law as to the part of the judgment appealed from.

2. The defendant contends that the findings of fact do not sustain such conclusion and judgment, for the reason that there is no finding as to what is the law of the state of Wisconsin, or any fact from which a valid trust in the land in favor of the plaintiff would result at common law. There being here no record containing any of the evidence, it will be presumed that there was sufficient evidence to justify the findings of fact, including the finding of the ultimate fact that the plaintiff is the owner of the undivided one-half of the eighty acres in Wisconsin. This finding, taken in connection with the other findings we have referred to, justifies the conclusion of law and the part of the judgment complained of.

3. The defendant urges that the courts of this state have no jurisdiction to adjudicate the title to land in the state of Wisconsin. It is true that the title to real estate must be determined by the laws of the state in which it is situated. However, the fact that real estate is situated beyond the jurisdiction of the court does not prevent it from acting in personam, and commanding, with reference thereto, its own citizens, of whom it has jurisdiction, whenever it is necessary to enable the court to do justice between the parties before it. It may in such cases compel a conveyance of real estate situated in another state. Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. 534. The fact that an action is one for a divorce is no reason why the court should not so exercise its equitable powers, if a proper case is made calling for it. We accordingly hold that the judgment is sustained by the findings of fact.

It is also claimed that the judgment should be modified, in any event, so far as it requires the conveyance to be by a warranty deed. The plaintiff is entitled to a conveyance in such form as will vest in her the undivided one-half interest in the land, and if there be any reason why the requirement of a warranty deed would be inequitable to the defendant, it is a matter which should be presented

to the trial court in the first instance.    There is nothing in the record before us to show that the prescribed form of the conveyance is inequitable.

Judgment affirmed.