## CHARLES BETCHER LUMBER COMPANY v. CITY OF HASTINGS.[1]

December 3, 1915.

Nos. 19,456—(125).

**Decision sustained by findings.**

1. Findings of fact *held* to sustain the conclusions of law and the judgment rendered thereon.

**Appeal and error — issues litigated by consent.**

2. In the absence of a settled case or bill of exceptions all questions covered by the findings of the trial court will be presumed to have been litigated by consent.

**Pleading — failure to reply.**

3. An allegation of payment in the answer, to which no reply was interposed, *held*, presumptively, to have been litigated by consent, and that the findings of the court are construed as negativing such defense.

Action in the district court for Dakota county against defendant Erickson, the city of Hastings and United States Fidelity & Guaranty Company to recover $1,056.60 for material furnished defendant Erickson in connection with a certain contract between him and defendant city. The answer of defendant city alleged that it had paid defendant Erickson in full. The answer of defendant surety company alleged that it was informed defendant city had not paid defendant Erickson the contract price in full and that there was due from the city to him more than the amount claimed by plaintiff. The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant city appealed. Affirmed.

[1] Reported in 154 N. W. 1072.

*J. C. McCoy,* for appellant.

*Kueffner & Marks,* for respondent.

BROWN, C. J.

The sole question presented on this appeal is whether the trial court's findings of fact support its conclusions of law and the judgment rendered thereon against defendant city of Hastings. There is no settled case or bill of exceptions, but the facts as disclosed by the pleadings and findings are as follows:

Defendant city owns a hospital building and at the time stated in the complaint, May 1, 1913, entered into a contract with defendant Erickson for remodeling and repairing the same. Erickson was to furnish all labor and material, and to receive a stated compensation for the completed work. These facts are not in dispute. The court found, in harmony with the allegations of the complaint, that plaintiff sold and delivered to the contractor Erickson, and defendant city, for use in remodeling the building, certain material of the value of $1,461.50, no part of which has ever been paid except the sum of $404.90, leaving a balance due of the sum of $1,056.60. No question was raised by the pleadings as to the completion of the contract by Erickson. The court further found that after such completion, and on April 9th, 1914, defendant Erickson "duly made an assignment of the sum of $1,056.60, then and there in the hands of said defendant city of Hastings, and owing to said defendant Erickson, to this plaintiff, and that plaintiff on said day filed said assignment with said city of Hastings, but that said city has failed and neglected to pay said sum to this plaintiff." The conclusions of law, based upon these findings, were that plaintiff was entitled to judgment against all the defendants. Judgment was rendered, however, against the city only, and the city alone appeals.

Appellant's contention is that the findings of fact are wholly insufficient to support the judgment. In this we do not concur. The finding above quoted, relative to the assignment by Erickson to plaintiff, is one of fact, and not a conclusion of law, and fully supports the plaintiff's right of recovery against the city. It is true that no such assignment was pleaded in the original complaint, but an additional return, made on the order of the court below, discloses an amendment setting out that fact.

Without this allegation it may be conceded, in harmony with counsel's contention, that the complaint stated no cause of action against the city. But the amendment removed the defect, and the fact of the assignment of the claim to plaintiff, with notice thereof to the city, gave plaintiff a right to recover the same, unless the amount had previously been paid to Erickson by the city. The answer pleads such payment, but just what took place on the trial with reference to that allegation, does not appear. In the absence of a settled case we are bound to assume that the question was disposed of adversely to the city, since it is not covered by the findings and there appears to have been no application for an amendment of the findings, or other effort made for relief on the ground that the city had paid the claim to Erickson. The fact that there was no reply to the answer does not change the situation; for the question may have been treated as in issue on the trial and formally litigated. Ahlberg v. Swedish-American Bank of Minneapolis, 51 Minn. 162, 53 N. W. 196; Peach v. Reed, 87 Minn. 375, 92 N. W. 229. If appellant intended to insist upon the defense of payment, and that the question had not been litigated by consent, a settled case should have been procured, by which the proceedings on the trial would affirmatively appear. Olson v. St. Paul, M. & M. Ry. Co. 38 Minn. 479, 38 N. W. 490; Peach v. Reed, supra. The findings actually made clearly negative defendant's claim of payment.

Judgment affirmed.

Schaller, J., took no part.