STATE EX REL. THOMAS YAPP AND OTHERS v. RAY P. CHASE AND OTHERS.[1]

December 11, 1925.

No. 25,198.

**What reviewable on appeal from judgment upon findings of fact in absence of settled case or bill of exceptions.**

1. On an appeal from a judgment entered on findings of fact made by the trial court, where there is neither a settled case nor a bill of exceptions, the only question for review is whether the findings of fact, aided by the admissions in the pleadings, are sufficient to sustain the judgment.

**Presumption on appeal that evidence justified findings.**

2. It is presumed that the evidence justified the findings.

**Stipulation, unapproved by trial court, not a substitute for settled case or bill of exceptions.**

3. A stipulation, not approved by the trial court, cannot be substituted for a settled case or bill of exceptions.

**Statute applies to Railroad and Warehouse Commission.**

4. The Railroad and Warehouse Commission is subject to the provisions of chapter 426, Laws of 1925.

**Prior statutes changed or modified only to extent necessary to conform to that statute.**

5. Chapter 426 changes or modifies prior statutes only to the extent necessary to conform them to that act.

[1]Reported in 206 N. W. 396.

**Commission of Administration may classify and grade employes but not fix salaries of individual employes.**

6. The act authorizes the Commission of Administration and Finance to classify and grade the employes of the various officials, departments and agencies of the state, and to fix salary scales for the various classes and grades so established, but does not authorize it to fix the salary of individual employes.

**That commission had no legal ground for disapproving estimate for salaries in question.**

7. The Commission of Administration and Finance not having classified the employes of the Railroad and Warehouse Commission nor fixed a scale of salaries for such employes, they were entitled to the salaries fixed by the Railroad and Warehouse Commission and there was no legal ground for disapproving the estimate for such salaries.

1. See Appeal and Error, 4 C. J. p. 184, § 1786.
2. See Appeal and Error, 4 C. J. p. 777, § 2727.
3. See Appeal and Error, 4 C. J. p. 206, § 1807.
4. See States, 36 Cyc. p. 855 (Anno).
5. See Statutes, 36 Cyc. p. 1081.
6. See States, 36 Cyc. p. 863.
7. See States, 36 Cyc. p. 863.

Upon relation of the Railroad and Warehouse Commission and others the district court for Ramsey county granted its alternative writ of mandamus directed to the Commission of Administration and Finance requiring its members to approve the estimate of the Railroad Commission for salaries of relator employes and the state auditor to approve the abstracts and vouchers approved by a member of the commission for salaries and compensation lawfully due said relators. Respondents filed their answer. The matter was heard by R. D. O'Brien, J., who made findings and ordered a peremptory writ to issue commanding the state auditor, and the members of the Commission of Administration to approve the estimates for salaries and compensation of relator employes as fixed by the Railroad Commission. Respondents appealed from the judgment entered pursuant to the order.

*Clifford L. Hilton*, Attorney General, and *James E. Markham*, Deputy Attorney General, for appellants.

*Ivan Bowen* and *W. E. Hustleby*, for respondents.

TAYLOR, C.

The Railroad and Warehouse Commission and five of its employes obtained an alternative writ of mandamus from the district court of Ramsey county requiring the Commission of Administration and Finance to approve the estimate of the Railroad and Warehouse Commission for the salaries and compensation of these five employes, and requiring the state auditor to approve vouchers for the salaries and compensation lawfully due such employes, or show cause why they should not do so. The Commission of Administration and Finance and the state auditor interposed a joint answer in which they admitted most of the allegations of the writ, and then alleged, among other things, that, at the time of the passage of chapter 426 of the Laws of 1925, the salaries of the five employes named in the writ were fixed by the Railroad and Warehouse Commission at the amounts stated in the answer; that thereafter the Railroad and Warehouse Commission had revised its schedule of salaries and had assumed to increase the salaries of these employes; that the Commission of Administration and Finance disapproved of these increases and fixed the salaries of these employes at the respective amounts which they had been receiving prior to such increases; that the Railroad and Warehouse Commission and these employes refuse to abide by the action of the Commission of Administration and Finance and insist that the state auditor shall approve the vouchers for the salaries of these employes as fixed by the Railroad and Warehouse Commission; that the state auditor refused to approve such vouchers solely for the reason that they did not conform to the rates as fixed by the Commission of Administration and Finance, and that he was ready and willing to approve them in the amounts fixed by that commission.

The court made findings of fact and ordered that a peremptory writ issue commanding the Commission of Administration and Finance

to approve the estimate covering the salaries of the five designated employes as fixed by the Railroad and Warehouse Commission, and commanding the state auditor to approve the vouchers for such salaries as so fixed. Judgment was entered in accordance with the order, and the Commission of Administration and Finance and the state auditor appealed jointly from the judgment.

As a preliminary question, we must determine what matters are before this court for consideration. The record consists of the petition for the alternative writ, the alternative writ, the answer, the findings of fact and order for judgment, the judgment, a stipulation relating to the matter of taking an appeal made after the filing of the findings and order, and the notice of appeal. There is neither a settled case nor a bill of exceptions.

In Peach v. Reed, 87 Minn. 375 (380), 92 N. W. 229, the court said:

"On an appeal from a judgment in an action tried without a jury, where there is neither a bill of exceptions, nor a settled case, the only question that can be raised is that the findings of fact by the trial judge do not support the judgment. No question as to the sufficiency of the pleadings to support the judgment can be raised. [Citing cases.] The reason for the rule is that error will not be presumed, but, on the contrary, it will be presumed that competent evidence was introduced to sustain the facts found, for the finding is of equal weight with the verdict of a jury. Knobblauch v. Kronschnabel, 18 Minn. 272 (300). And further, if the facts found are not within the issues made by the pleadings, it will be presumed, the record not showing to the contrary, that such facts were litigated by consent."

This rule, although differing from the rule followed in many jurisdictions, had become firmly established in this state prior to the decision cited, and has been consistently followed ever since. See Pavelka v. Pavelka, 116 Minn. 75, 133 N. W. 176; Gourd v. Morrison Co. 118 Minn. 294, 136 N. W. 874; Charles Betcher Lbr. Co. v. City of Hastings, 131 Minn. 249, 154 N. W. 1072; Anderson v. City of Montevideo, 137 Minn. 179, 162 N. W. 1073.

The appellants seem to assume, and argue the case on the theory, that the relators made a motion for judgment on the pleadings; that the court granted this motion; and that the question presented is whether the relators were entitled to a peremptory writ on the pleadings. This is not the situation shown by the record. There is nothing indicating that a motion of any kind was made by anyone. The trial court made findings of fact and conclusions of law as a basis for the issuance of the peremptory writ. If judgment had been granted on the pleadings these findings were unnecessary, of no effect and improper. State v. Barlow, 129 Minn. 181, 151 N. W. 970; Crispo v. Conboy, 153 Minn. 343, 190 N. W. 541. The office of such findings is to determine issues of fact, and they import that issues of fact were determined unless the record shows the contrary. The findings recite that the action was "heard by the undersigned, one of the judges of said court," and that the court, "having heard the arguments of counsel for the respective parties, and duly considered all the pleadings, files, records, stipulations and matters involved herein, and being fully advised in the premises, finds:" Then follows a statement of the facts found, which, so far as here important, may be summarized as follows:

That the Railroad and Warehouse Commission had lawfully fixed the salaries of the five employes in question at the several amounts stated in the writ; that there was lawfully due from the state to each of such employes the amount so stated; that the Railroad and Warehouse Commission had submitted to the Commission of Administration and Finance an estimate in the form prescribed by the Commission of Administration and Finance covering the salaries and compensation of such employes as lawfully fixed by the Railroad and Warehouse Commission; that the Railroad and Warehouse Commission had approved and presented to the state auditor vouchers as required by law for the payment of the salaries of such employes as so lawfully fixed; and that the state auditor had refused to approve the same. The recital stated above is all that the record contains tending to show what took place before the trial court. It shows that the court took into consideration matters outside the pleadings.

Stress is laid upon the following paragraph in the stipulation made by the parties after the decision was filed:

"It is further stipulated that no settled case or bill of exceptions be required, and that the hearing before the court below was had upon the pleadings, files, record and proceeding without the introduction of any oral testimony."

A stipulation of the parties as to what took place in the trial court cannot be substituted for nor take the place of a settled case or bill of exceptions, at least unless approved as correct by the trial court. Abrahams v. Sheehan, 27 Minn. 401, 7 N. W. 822; Sherman v. St. P. M. & M. Ry. Co. 30 Minn. 227, 15 N. W. 239; Spriesterbach v. Schmidt, 64 Minn. 211, 66 N. W. 721. But, if this stipulation were to be considered, it indicates that something more than the pleadings was considered at the hearing. It would have been simple and easy to have said that the matter was submitted on the pleadings if such had been the fact. Stating that the hearing was had without the introduction of any *oral testimony* merely negatives the introduction of that particular form of evidence. It does not negative the introduction of documentary evidence, nor the making of stipulations or admissions. The language used shows that the parties did not intend their stipulation to go to the extent of saying either that the matter had been submitted on the pleadings or that no evidence had been received.

In the absence of a settled case or bill of exceptions, we must take it for granted that the admissions and evidence at the hearing justified the findings of fact. Therefore the only question presented by the record is whether these findings, aided by the admissions in the pleadings, are sufficient to sustain the judgment.

The department of Administration and Finance of the state was created by chapter 426 of the Laws of 1925 entitled "An act in relation to the organization of the state government."

The act permitted the Governor to make appointments from and after its passage, but in all other respects went into effect from and after July 1, 1925. This department was placed under the supervision and control of the Commission of Administration and Finance,

consisting of three members appointed by the Governor and designated as the "Commission" in article 3 of the act, which article defines its powers and duties. This is the body intended by the term "Commission" when that term is used in the act or in this opinion.

The Board of Railroad and Warehouse Commissioners, termed the Railroad and Warehouse Commission, was created many years ago, and numerous acts have been passed defining and, from time to time, extending its powers and duties. We are unable to sustain the contention of the relators that this board is not subject to the provisions of chapter 426. That act, in section 1 of article 1, creates 14 departments of the state government, and then declares:

"All of said departments and all officials and agencies of the state government shall be subject to the provisions and limitations of this act."

The Board of Railroad and Warehouse Commissioners is not named as one of the departments created by the act, but it is clearly an agency of the state government and as such is expressly made subject to the act.

Chapter 426 in section 5 of article 3 provides that no appropriation to any department or agency of the state government, "shall become available for expenditure thereby during any quarterly period," until such department or agency, "shall have submitted to the commission an estimate in advance, in such form as the commission shall prescribe," of the amount required for "each purpose for which money is to be expended during said period, and until such estimate shall have been approved by the commission."

It is conceded, and the court found, that the Railroad and Warehouse Commission had submitted to the "Commission" such an estimate in due form covering the salaries of the five employes in question for the period here involved, being the quarterly period beginning July 1, 1925. Section 11 of article 3 of the act provides that the state auditor shall examine every claim and demand against the state and "if previously authorized by the Commission" and a legal and proper claim, "he shall approve the same and issue his warrant in payment thereof."

The approval of the estimate by the Commission of Administration and Finance and the approval of the vouchers by the state auditor is necessary to enable the employes to obtain their pay. The statute makes the approval of the estimate by the Commission of Administration and Finance a prerequisite to the approval of the vouchers by the state auditor; and the refusal of that Commission to approve the estimate is the sole reason assigned for the refusal of the auditor to approve the vouchers.

If the approval of the estimate for the salaries in controversy involved the exercise of discretionary powers on the part of the Commission of Administration and Finance, its action cannot be reviewed or controlled by the courts. But if these salaries had been lawfully fixed and the existing law gave the employes named the legal right to the amounts specified in the estimate, the approval of the estimate did not involve the exercise of any discretionary power on the part of that Commission, and the refusal to approve it was an arbitrary act against which the courts may properly grant relief.

Chapter 426 does not directly repeal any prior law. The repealing clause found in section 2 of article 20 reads:

"All other acts or parts of acts now in effect inconsistent with the provisions of this act are hereby superseded, modified, or amended to conform to and give full force and effect to the provisions of this act."

Prior laws remain in force except so far as they are inconsistent with this act and insofar as they are inconsistent, they are modified and amended to the extent necessary to conform them to this act and permit it to have full force and effect. They continue in force changed only to that extent. The prior laws authorized the Railroad and Warehouse Commission to fix the compensation of its various employes when not fixed by statute. See G. S. 1923, §§ 4634, 5271 and 5298.

The compensation of the employes involved in this proceeding had been fixed by the Railroad and Warehouse Commission and

would remain as so fixed until lawfully changed. Chapter 426 in section 4 of article 3 provides:

"The commission shall have power to determine the classes, grades, and titles of the employes of the various officials, departments, and agencies of the State government and the institutions under their control; to fix the salary scales for the various classes, grades and titles of the employes of such officials, departments, agencies, and institutions; to require a complete record of the officers, assistants, and employes appointed thereby or employed therein, and to require the salaries of the same to be in conformity with the scale of compensation established hereunder."

This authorizes the commission to classify and grade the employes of the various officials, departments and agencies of the state; to fix the salary scale for the various classes and grades so established; and to require the salaries of the various employes to be in conformity with the scale of salaries so fixed and established. Whether the commission may fix the individual salaries of individual employes of a department or agency of the state seems to be in dispute. The power given does not authorize the commission to fix the salaries of particular individuals, but to fix the scale of salaries for the various classes and grades of employes. The prior laws providing for fixing the salaries of employes remain in force insofar as they do not contravene the provisions of this act, and salaries lawfully fixed thereunder continue until lawfully changed. When the Commission classifies employes and fixes a scale of salaries for a class or grade, the body having the power to fix the salary of individuals must fix them in accordance with such scale; but until then it may fix them as authorized by the prior law.

The writ alleges that the commission has neither determined the classes and grades of the various employes nor fixed salary scales therefor. The answer alleges that the commission disapproved the estimate, and *thereupon* determined the classes and grades of the employes of the Railroad and Warehouse Commission and fixed and established salary scales for such classes and grades. The trial court made no direct finding upon this issue. But the finding that

the Railroad and Warehouse Commission had lawfully fixed the salaries of the employes named at the amounts stated in the writ, and that these amounts were lawfully due and owing by the state to these employes necessarily involved a finding that no salary scales inconsistent therewith had been established. The conclusion follows that the existing law gave these employes a legal right to receive as compensation for their services the amounts specified in the estimate, and that there was no valid reason for refusing to approve such estimate. Its approval under such circumstances did not involve the exercise of any discretionary power.

In support of the findings, we must assume that the allegations of the answer to the effect that the commission had classified the employes of the Railroad and Warehouse Commission and fixed salary scales for the classes and grades so established were not proven. Furthermore, statements at the argument indicated that in fact no such classification or fixing of salary scales had been made. However this may be, the answer goes no further than to allege that the commission disapproved the estimate, and *thereupon* made the classification. In other words, the classification is not claimed to have been made until after the disapproval. As the amounts covered by the vouchers presented to the state auditor had been earned and had become due and payable prior to the alleged making of the classification, they would not have been affected by it even if it had been made as alleged, for salary scales established by the Commission would apply only to salaries thereafter earned. The act does not provide for making such salary scales retroactive.

We find no ground for interfering with the judgment and it is affirmed.