HARRY E. CARNES v. ST. PAUL UNION STOCKYARDS COMPANY.[1]

August 3, 1928.

No. 26,785.

**Refusal of injunction sustained.**

1. The court did not err in refusing the defendant an injunction restraining the plaintiff for all time from conducting business or having employment in its stockyards.

**District court may exclude dishonest traders from a stockyard.**

2. The business of the defendant is affected with a public interest. The district court has jurisdiction to protect the defendant in excluding dishonest traders from its yards.

Courts, 15 C. J. p. 993 n. 92.

Action for an injunction in the district court for Dakota county. The case was tried before Olsen, J. of the ninth judicial district acting for a judge of the first judicial district. There were findings of fact and conclusions of law, and from the judgment entered pursuant thereto the defendant appealed. It claimed that it should have had affirmative relief against the plaintiff on its contention. Affirmed.

*D. L. Grannis* and *A. J. Rockne,* for appellant.
*Patrick J. Ryan,* for respondent.

[1]Reported in 221 N. W. 20.

DIBELL, J.

Action for an injunction to restrain the defendant from preventing the plaintiff from carrying on a commission business or accepting employment in that line in the stockyards of the defendant at South St. Paul and for damages for having been so prevented. The defendant in its counterclaim asked that the plaintiff be permanently enjoined from operating a market agency upon the defendant's property and from being employed in such an agency.

There was judgment for the defendant adjudging that it was justified in excluding the plaintiff from its stockyards; that it acted in good faith in so doing; and that the plaintiff was entitled to no relief. The plaintiff does not appeal. The defendant appeals from the judgment. Its claim is that the plaintiff should be permanently enjoined from operating a market agency or from working in any capacity in its yards.

The case was here before and is reported in 164 Minn. 457, 205 N. W. 630, 206 N. W. 396. Reference may be had to that case for many of the facts. It was held that the plaintiff made a prima facie case of wrongful exclusion from the stockyards and that it was error to grant a dismissal; and for such reason the order of the trial court was reversed and a new trial granted.

The defendant is a corporation organized under the laws of this state. It owns and operates public stockyards at South St. Paul where it furnishes market facilities for buying and selling live stock. The business has been carried on since 1921 under the act of congress known as the packers and stockyards act of 1921, 7 USCA, § 181, et seq.

The trial court found that the firm of Gibbons & Carnes, with which the plaintiff was connected, the member Carnes being his wife, received live stock shipments from various farm associations and transmitted to such associations false accounts of sales wherein either weight or price was shown to be substantially less than the true weight or price, thus reducing the net proceeds. In such case it made a so-called "corrected" sales account, representing the actual transaction, and the difference was paid to the agent,

who retained it.   The firm did not gain directly in the transaction. It helped the agent cheat the farmers' associations and perhaps increased its own business.   The plaintiff was active in the firm and knew of the manner of conducting the business.   The South St. Paul Live Stock Exchange is an association regulating the conduct of its members and intended to promote fair dealing.   It suspended the firm for 30 days.   The defendant then excluded the plaintiff from the stockyards.   He was excluded from June 12, 1923, until January 5, 1925; and he suffered a loss because he could not get other employment so profitable.   On the latter date an order was made granting plaintiff a temporary injunction against further exclusion, and since that time he has had employment through a firm in the stockyards.

The court found that the defendant had good cause to exclude the plaintiff from the stockyards during all the time that he was so excluded; and as conclusions of law it found that the plaintiff was entitled to no relief by way of damages or otherwise.   Judgment was entered accordingly.   The plaintiff does not appeal and does not complain of the judgment.   The defendant complains that the plaintiff should be permanently excluded from its yards and precluded from taking employment therein; in short, that his status so far as concerns the yards should now be permanently fixed so that he can never be connected with the stockyards in any capacity.

In refusing the particular relief asked by the defendant the trial court said:

"The firm of Gibbons & Carnes ceased doing business and plaintiff, more than a year later, obtained employment with another firm doing business in defendant's stockyards, and obtained a temporary injunction preventing defendant from excluding him from such new employment.

"It would not seem that plaintiff's wrongdoing in his employment or relations with the firm of Gibbons & Carnes should necessarily prevent him forever from employment in defendant's yards; nor that the court should now, without any evidence as to plaintiff's conduct in his new employment, enjoin either party from con-

tinuance of the present relation. It is a new relation dependent on facts not tried and the parties may well be left to adjust matters or seek such other relief as may now be equitable."

Again the court said:

"Defendant also asks for an injunction. Plaintiff is now an employe of another selling agency, and has been so employed for over a year. His employers are presumably doing a legitimate and proper business and such irregularities as are here shown cannot easily occur where the control of the business is in the proper hands. No present wrongdoing has been shown and I do not consider that defendant is now entitled to an injunction. If further cause occurs for injunction relief to either party, it may be readily obtained by a showing of new facts justifying such relief."

The statement of the trial court presents the exact situation. The temporary injunction which the plaintiff obtained in 1925 restraining his exclusion fell with the judgment. He cannot stay if he ought not to stay; he cannot be required to leave unless he should leave.

2. The defendant's stockyards are devoted to a public use. State v. Rogers & Rogers, 149 Minn. 151, 182 N. W. 1005; Stafford v. Wallace, 258 U. S. 495, 42 S. Ct. 397, 66 L. ed. 735, 23 A. L. R. 229. Still such institutions may, without incurring liability, deny the use of their facilities to dishonest dealers and so protect the general public. Dishonest traders should not be permitted to do business in the yards. The plaintiff claims that under the packers and stockyards act of 1921 all control is with the federal authorities. In Carnes v. St. Paul Union Stockyards Co. 164 Minn. 457, 205 N. W. 630, 206 N. W. 396, we held that the district court had competent jurisdiction to sustain the authority of the defendant in excluding those engaged in dishonest practices.

Judgment affirmed.