BELA W. SMITH v. CITY OF MINNEAPOLIS.[1]

July 14, 1905.

Nos. 14,365—(131).

**Repayment of Assessment:**

Action to recover the amount of a special assessment for a sidewalk to be built in front of a lot now owned by the plaintiff, which was paid by his grantor while he owned the lot, and which was repaid to him by the defendant, after he had deeded the lot to the plaintiff, upon canceling the proceedings for the building of the walk. *Held*, that the complaint herein does not state a cause of action.

Appeal by plaintiff from a judgment of the district court for Hennepin county dismissing the action, entered pursuant to the order of Simpson, J. Affirmed.

*Harlan P. Roberts,* for appellant.

*Frank Healy* and *L. A. Dunn,* for respondent.

START, C. J.

Appeal by plaintiff from a judgment in favor of the defendant entered pursuant to the order of the trial court on the ground that the complaint did not state a cause of action. The basis of the judgment appears from the judgment roll and on the face of the judgment; hence no bill of exceptions or settled case is necessary in order to secure a review of the judgment. See Peach v. Reed, 87 Minn. 375, 92 N. W. 229.

The question here to be decided is whether the complaint states facts sufficient to constitute a cause of action. Stated briefly, such facts are these: Prior to October 1, 1900, the city of Minneapolis duly ordered a stone sidewalk to be constructed in front of a lot owned by J. W. Dunnegan, and levied a special assessment thereon to pay for the proposed improvement in the sum of $96.66, which was added to the taxes on the lot for the year 1900. The then owner on April 6, 1901, paid the amount of this assessment with the other taxes on the lot, and thereafter and on the same day conveyed by warranty deed, duly

[1] Reported in 104 N. W. 227.

recorded, the lot to the plaintiff herein. On May 20, 1901, the city duly annulled the order for building of the sidewalk in front of the lot, and thereafter repaid the amount of the special assessment to the owner of the lot who originally paid it. On November 5, 1901, the plaintiff presented to the city a claim for payment to himself of the amount of the assessment so paid by and to his grantor. His claim was disallowed. In the fall of 1901 the city ordered a stone sidewalk to be constructed during the year 1902 in front of the lot, and a special assessment therefor was included in the taxes for the year 1901. One of the inducements for the purchase of the lot offered to the plaintiff by his grantor was the fact that the sidewalk had been ordered in front of the lot and paid for by the tax of 1900.

Do these facts constitute a cause of action against the city? The equities, if any, between the plaintiff and his grantor, are not before us for adjudication, for the question before us is limited to an inquiry as to the legal rights of the plaintiff against the city. The alleged inducements offered by the plaintiff's grantor for the purchase of the lot are not relevant to such question in this action against the city, nor is the fact relevant that a subsequent order for the laying of a sidewalk in front of the lot was made in the fall of 1901. There is no alleged connection between the two orders. The only facts, then, relevant to the question before us, are the levying of a special assessment to pay for the proposed sidewalk in front of the lot, a payment of the assessment by the owner thereof, a conveyance of the lot thereafter to the plaintiff, a subsequent cancellation of the order for the proposed improvement, a repayment by the city of the amount paid by the original owner to him, and a demand on and a refusal by the city to pay such sum to the plaintiff. The contention of the plaintiff is to the effect that when the money paid on the assessment for the proposed sidewalk came to the hands of the city the money ceased to be the property of the man who paid it, and the city became the custodian of the fund as a trustee for the owner of the lot, whoever he might be; that the fund was created for a specific purpose, and the property was entitled to the benefit of it. Or, in other words, the city was constituted a trustee of a fund for a specific purpose, and, if it did not execute the purpose, it must see that the proper person gets the money.

Neither the premise of this argument nor its conclusion is justified by the facts alleged in the complaint. The amount of the assessment was paid by the owner of the lot to discharge a valid lien thereon, created for the purpose of securing payment in advance for the construction of a sidewalk in front of the lot. The owner paid this lien, and conveyed the lot, but the city thereafter annulled the proceedings whereby the lien was created, and decided not to build the walk, whereby the consideration for the payment failed. The city then refunded the money paid on the canceled assessment to the person who paid it. If the assessment had been canceled, but the money not refunded, before the owner conveyed the lot, it would be clear that, as against his grantee, he would have been entitled thereafter to recover and retain the money paid by him. It follows logically that the amount paid was not, in the hands of the city, a trust fund, which would follow the ownership of the lot. In the case supposed the right to the amount by the grantor would not pass to his grantee by the deed. How, then, could the right to the money paid by the grantor to discharge a lien on his lot for an assessment which was canceled after he had sold the lot pass by his deed? The plaintiff's answer to the question is this: "The lot was sold with the improvement there, to all intents and purposes, and the city has no right to divert the money from the purpose for which it was placed in its hands and give it back to the party who has then no interest in the lot." The answer seems equitable and plausible, but it is not so in fact, for the city was not bound to proceed with the proposed improvement, and it is conceded that it might abandon the proposed improvement upon refunding the money collected therefor. It follows that when the plaintiff purchased the lot there was not to all "intents and purposes" a sidewalk in front of it, nor did he then have any absolute right to have a walk built in front of the lot.

We hold that the city was legally justified, upon the failure of the consideration for the special assessment, in paying the amount thereof to the person from whom it was received, the plaintiff's grantor, and that the complaint does not state a cause of action.

Judgment affirmed.