Common Pleas Court of Hamilton County.

LILLIAN B. HATCHER V. CLIFFORD BROWN, ETC., ET AL.

Decided January 8, 1932.

*Strother, Greenberg & Schuberth,* for plaintiff.

*Robert N. Gorman,* Pros. Atty., and *William K. Divers,* Ass't Pros. Atty., for defendants.

MATTHEWS, J.

The only question presented by the parties to this action is whether the refunder of the excess over the correct amount of a special assessment for the improvement of a road should be to the present owner of the property with reference to which the assessment was levied, or to the owner thereof who actually made the payments, the defendants admitting an intention to refund to whoever may be entitled.

The plaintiff acquired title to certain premises upon which the assessment constituted a lien after the assessment was levied, and after her predecessors in title had paid certain installments of the assessment. She claims the right to recover not only the excess which she herself paid, but also all the excess paid by her predecessors in title. Her claim, as the Court understands it, is:

1. That as a matter of law, the owner at the time the refunder is made, is entitled to same regardless of whether such owner had actually made such payment;

2. That she is the assignee of the interest of all prior holders, basing her claim to the assignment upon the ordinary granting clause of the deed, to wit: "* * * and all the estate, title and interest of the said Charles A. Taylor either in law or in equity, of, in and to said prem-

ises; together with all the privileges and appurtenances to the same belonging and all the rents, issues and profits thereof."

There is no statute providing for refunders of assessments by a county similar to Section 3909 General Code, applicable to municipalities in which it is enacted, with reference to municipalities, that:

"In case a larger amount is collected than is necessary, it shall be returned to the persons from whom it was collected, in proportion to the amounts collected from such persons respectively."

While the section applicable to municipalities is persuasive of the correct rule to be applied to counties, it is not conclusive, and, therefore, an examination into the authorities applicable, in the absence of a statute, is pertinent.

In Page and Jones on Taxation by Assessment, Vol. 2, p. 2147, it is said:

"A vendor who has paid an invalid assessment under mistake, or duress, may recover, even after he has sold the property upon which such assessment was levied. A vendee of the party who has paid such assessment, cannot recover the amount paid by his vendor, even if the assessment is vacated, the improvement abandoned, the amount of the assessment repaid to the vendor, and if subsequently the improvement is ordered again and the vendee is required to pay an assessment therefor."

The same rule is stated in McQuillan on Municipal Corporation, 2nd Ed., Vol. 5, Section 2312, at page 914.

The following cases support the conclusion reached by the text-writers named:

*Smith* v. *City of Minneapolis*, 95 Minn., 431; *Barton* v. *City of Portland*, 92 Ore., 544; *State ex rel.*, v. *Kimball*, 282 S. W. (Mo.), 30; *Spitzer* v. *City of El Reno*, 138 Pac. (Okla.), 797; *Robinson* v. *Singleton*, 125 Southern (Miss.), 421; *Day* v. *Town of New Lots*, 107 New York, 148.

An examination of those cases disclose that the courts have considered this question both in the light of statutes more or less applicable, and also in the total absence of

any statute on the subject. They have also considered the claim of the subsequent grantee that he was entitled as assignee under terms similar to those in the deed of the plaintiff in this case. The courts have uniformly reached the conclusion that in the absence of an express statute to a contrary effect, upon equitable principles, the person who makes the payment is entitled to the refunder, and that a subsequent grantee of the property against which the assessment was levied is not, by virtue of the ordinary terms contained in such a deed, the assignee of the claim of his grantor for a refunder.

It follows that the plaintiff in this case is only entitled to a refunder based upon her contribution to the fund, and is not entitled by operation of law, or by virtue of an assignment, to a refunder of any amount paid by the prior owners of her property.

A judgment entry may be prepared accordingly.

Common Pleas Court of Montgomery County.

THE WEST SIDE BUILDING & LOAN COMPANY V.
ISAAC KAPLAN ET AL.

Decided May 4, 1932.

*I. C. Delscamp*, against the demurrer.
*M. J. Gilbert*, for the demurrer.