JOHN YORKS v. CITY OF ST. PAUL.[1]

Oct. 17, 1895.

Nos. 9489—(73).

**Policeman—Liability of City for Salary—Legality of Appointment.**

*Held,* that to entitle plaintiff to recover from the city salary as policeman, for a period during which he was not actually in office and was performing none of its duties, it was incumbent on him to prove that he was a policeman de jure,—that is, that he had been legally appointed.

**Same—Invalid Appointment.**

*Held,* also, that his appointment was invalid because he was, under the provisions of the city charter, ineligible.

**Appeal—Issues Litigated.**

Rule applied that, in the absence of the evidence and proceedings on the trial, it will be presumed that all the issues upon which the court has found were voluntarily litigated, although not within the pleadings.

[1] Reported in 64 N. W. 565.

Appeal by plaintiff from a judgment of the district court for Ramsey county, in favor of defendant, entered in pursuance of the findings and order of Kerr, J.   Affirmed.

*G. J. Lomen*, for appellant.

*E. J. Darragh* and *Hermon W. Phillips*, for respondent.

MITCHELL, J.   In September, 1892, the mayor appointed the plaintiff patrolman on the police force of the city.   He was, in fact, ineligible to the position, because over the age of 35 years, the charter expressly providing that no person shall be eligible to that position who is not under the age of 35 years.   Under this appoint-ment he entered upon and continued to perform the duties of patrol-man until June 25, 1894, for all of which time he was paid his sal-ary in full.   On June 25, 1894, the mayor removed him from the police force.   The charter, however, provides that such removals "shall not take effect until notice thereof is given to the common council and the action of the mayor is concurred in by a majority vote of the entire number of members elect of said council."   At this time there were two rival bodies, each claiming to be the as-sembly of the city of St. Paul.   See State v. Holman, 58 Minn. 219, 59 N. W. 1006.   The mayor, recognizing the "Van Slyke body" as the lawful assembly, transmitted to it notice of plaintiff's dismissal. That body concurred in the mayor's action, as also did the board of aldermen, the other branch of the common council.   The mayor thereupon appointed another person as patrolman in plaintiff's place.   After the decision in State v. Holman, an assembly having been organized which was confessedly legal, the mayor gave notice to that body of his action in removing the plaintiff, which they duly approved on October 24, 1894.   The plaintiff "performed no duty for the city, as patrolman or otherwise, after June 25, 1894, but from that date down to October 24, 1894, he had no other employ-ment, and held himself in readiness to act as such patrolman for defendant, if called upon."

This action is brought by plaintiff to recover salary as patrolman from June 25 to October 24, 1894; his contention being that the "Van Slyke body" was not the legal assembly, and hence that his discharge did not take effect until October 24.   The contention of the city is that plaintiff cannot recover because (1) the salary of

patrolmen had not been fixed by the common council as required by the city charter; (2) the "Van Slyke body" was, at least, the de facto assembly; (3) the plaintiff's appointment was void, because he was ineligible. Under our view of the case, it is only necessary to consider the last of these propositions.

It will be observed that the question is, not the validity as to third parties of plaintiff's acts as a de facto patrolman, but his right to recover compensation or salary from the city. In such an action his right to the office or position is directly involved. It will also be observed that the plaintiff is not seeking to recover for services actually performed. During the time for which he seeks to recover salary he was not actually in office, and performed none of its duties. Neither had he any contract or vested right to the continuance of office or of its emoluments. The mayor, with the approval of the common council, had a right to remove him at any time. Under such a state of facts, at least, we think it was incumbent on plaintiff, in order to recover, to prove that he was a de jure, and not a mere de facto, patrolman,—in other words, to prove a valid and legal appointment to the office. If he ever was appointed, it was in September, 1892. But that appointment was clearly illegal, because of his ineligibility on account of age. Never having been legally appointed, he cannot recover salary for the time he was not actually in office and performing its duties.

It is suggested that the issue of the validity of plaintiff's appointment was not raised by the pleadings. The court expressly finds that he was ineligible at the time of his appointment, and, in the absence of the evidence and other proceedings on the trial, we must assume that every issue upon which the court finds was voluntarily litigated by the parties, whether raised by the pleadings or not.

Judgment affirmed.