# DANIEL HARRINGTON v. CITY OF MINNEAPOLIS.[1]

June 18, 1909.

Nos. 16,161—(132).

**Appointment and Confirmation of Municipal Firemen.**

The charter of the city of Minneapolis requires the appointment of firemen by the chief of the fire department, and confirmation thereof by the city council. Conceding, without deciding, that the chief has authority to employ persons to officiate as firemen from time to time, and that the council has authority to order payment by the city for services performed, mere approval by the city council of the pay roll upon which such person's name appears does not constitute an appointment and confirmation.

Action in the district court for Hennepin county to recover $517.47 on a contract of employment. The case was tried before Frederick V. Brown, J., who found for the defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*M. C. Brady,* for appellant.

*Frank Healy,* City Attorney, and *A. C. Finney,* Assistant City Attorney, for respondent.

LEWIS, J.

Appellant seeks to recover the amount claimed to be due for wages

[1]Reported in 121 N. W. 908.
    108 M.—14.

as a fireman in the Minneapolis fire department from the first day of August, 1907, to the first day of February, 1908. According to the undisputed evidence he was appointed a member of the department by the chief engineer on the fifth day of September, 1890, and from that time to May 25, 1894, acted in the capacity of a fireman, when he resigned. He was again appointed on May 26, 1906, and worked continuously from that time until October 5, 1906, when he was injured while in the performance of his duties. He did not resume work until the twenty-first day of January, 1907, and continued until May 6, 1907, when he was again injured. From the last-named date until July 10, 1907, he received his pay regularly from the city, but on the tenth of July the city council passed a resolution allowing him twenty days' pay until the first of August, 1907. During all this time his name appeared on the pay roll, which was approved by the city council, and he was paid accordingly. On August 1, 1907, he reported for duty, and the chief told him that he considered him physically unable to perform the duties of a fireman, and did not put him to work. From that time until February 1, 1908, appellant reported for duty as often as once a week, and requested to be put to work. During this period he was not informed by any one that he was not considered a member of the fire department. On the first day of February, 1908, the chief wrote him a letter stating that his services would not be any longer required, and called upon him to surrender the property of the department.

That portion of the charter of Minneapolis (chapter 7) dealing with the question of appointments reads:

"Sec. 5. The city council shall annually appoint a chief engineer of the fire department and provide by ordinance for such other officers and men as may be deemed necessary for such department, and define the respective ranks and duties of such chief engineer and other officers and men and their compensation.

"Sec. 6. The chief engineer shall nominate for the approval of the city council, all other officers and men connected with such department, and may at any time, by and with the consent of the standing committee on fire department of the city council, remove

or discharge such officers or men as he may deem it for the interest of the city to discharge."

The trial court found that appellant was never nominated or appointed by the chief as a member of the fire department, and that no appointment, nor nomination, was ever confirmed or concurred in by the city council; that the council had duly approved the pay roll of the fire department upon which appeared the name of appellant as a pipeman, and that he was allowed compensation for each month during his employment, including July 31, 1907.

From the foregoing it appears that at no time was appellant appointed a fireman in accordance with the provisions of the city charter. His name was never sent in to the council for confirmation, and that body never acted upon it. From time to time the chief of the fire department, upon his own responsibility, put the man to work as a fireman, and from time to time caused his name to appear on the monthly pay roll. The question of his right to draw a salary under those circumstances was never questioned, and he accordingly was paid out of the city treasury for the time he was actually at work and for some additional time subsequent to his injury. The chief, of his own motion, treated appellant as a member of the department from the first day of August until the first of February following, and until that date no steps had been taken to inform appellant that he was no longer a member of the department.

The case was properly disposed of by the trial court. Larsen v. City of St. Paul, 83 Minn. 473, 86 N. W. 459, has no application. There the officer had been appointed by the mayor, and it was held that approval by the common council of the pay roll upon which his name appeared from time to time was equivalent to a confirmation of his appointment; whereas in the case before us appellant had never been appointed by the chief as a member of the department. Under such circumstances the approval of the pay roll from month to month amounted merely to paying him for services performed, but did not recognize him as an appointee with the right to continue in service. See Yorks v. City of St. Paul, 62 Minn. 250, 64 N. W. 565.

This disposition of the case makes it unnecessary to consider the

effect of appellant's application to be placed on the disability pension roll of the association and his acceptance of relief therefrom.

Affirmed.