MAUD HILL SCHROLL, J. Christopher Schroll and Susannah Schroll, Beneficiaries of the 1917 Trust for Maud Hill Schroll, Plaintiffs,

v.

The Honorable J. Jerome PLUNKETT, Judge of the District Court for Ramsey County, State of Minnesota, Defendant,

and

The Honorable Jackson L. Frost, Judge of the Circuit Court for Linn County, State of Oregon, First Trust National Association, a Minnesota corporation, a subsidiary of First Bank System, Inc., a Minnesota banking corporation, for itself and as Trustee of the 1917 Trusts for Louis W. Hill, Jr. and for Cortlandt T. Hill, Timber Services Company, an Oregon corporation, Mason, Bruce & Girard, Inc., an Oregon corporation, Barringer & Associates, Inc., an Oregon corporation, Jack Barringer, Carl Newport, Doherty, Rumble & Butler, a professional Minnesota law corpora-tion, Richard Wilhoit, and Jon Theobald, Louis Fors Hill and Louis W. Hill, Jr., Trustees for the 1917 Trust for Louis W. Hill, Jr., and Gaylord Glarner, Trustee for 1917 Trust for Cortlandt T. Hill, Interested Parties.

Civ. No. 90–1109–PA.

United States District Court,
D. Oregon.

Nov. 15, 1990.

Barbara J. Gazeley, Leiberan & Gazeley, Portland, Or., for plaintiffs.

Richard S. Slowes, Asst. Sol. Gen., Office of Atty. Gen., State of Minn., St. Paul, Minn., for defendant The Honorable J. Jerome Plunkett.

Edward L. Clark, Jr., Michael C. McClinton, Clark, Lindauer, McClinton, Krueger & Fetherston, Salem, Or., for interested parties First Trust Nat. Ass'n, First Bank System, Inc., Timber Services Co., Barringer & Associates, Inc., Jack Barringer, Doherty, Rumble & Butler, Richard Wilhoit and Jon Theobald, Mason, Bruce & Girard, Carl Newport.

Paul M. Ferder, Ferder, Ogdahl, Brandt & Casebeer, Salem, Or., for interested party Louis Fors Hill.

## OPINION

PANNER, District Judge.

Plaintiffs Maud Hill Schroll, J. Christopher Schroll and Susannah Schroll, seek declaratory and injunctive relief under 42 U.S.C. § 1983. Plaintiffs move for a temporary restraining order and preliminary injunction, claiming that an injunction issued by defendant, Judge J. Jerome Plunkett of the District Court of Ramsey County, Minnesota, deprives them of access to the courts. Because the opposing and interested parties have responded and have no objection, I consider the motion as one for preliminary injunction. *See* Fed.R.Civ.P. 65(a). I held a hearing on October 31, 1990, and requested supplemental briefs from plaintiffs, defendant, and interested parties. I deny plaintiffs' motion.

## BACKGROUND

This case involves the 1917 Maud Hill Schroll Trust, which is one of three remaining trusts established in 1917 by Louis W. Hill (collectively "the 1917 trusts"). Maud Hill Schroll is an income beneficiary of the 1917 Maud Hill Schroll Trust. J. Christopher Schroll and Susannah Schroll are contingent beneficiaries of this trust.

The principal assets of the 1917 trusts are securities and approximately 128,000 acres of jointly owned timber and timberland in Linn County, Oregon. Since 1941, First Trust National Association (First Trust), a Minnesota corporation, has been the primary trustee for the 1917 trusts. First Trust and the other trustees directly own and manage, as tenants in common, the Oregon property. Over the years, First Trust has retained various companies to manage this property.

The Ramsey County District Court obtained jurisdiction over the 1917 trusts in

1947. In 1961, the Circuit Court for Linn County, Oregon, began ancillary administration of the Oregon timberland. This administration primarily consisted of approving actions previously decided by the Ramsey County District Court. Due to the noncontiguous nature of the Oregon property, there were a number of actions to readjust ownership of its various tracts. The Ramsey County District Court ruled on these actions and directed exchanges of property between the 1917 trusts and other Hill trusts, Hill family members, and independent third parties. First Trust apparently was concerned that the Ramsey County Court's orders may not be effective because that court was not in the jurisdiction of the property's location. First Trust sought approval by the Linn County Circuit Court of the Ramsey County District Court's actions relating to the Oregon timberland. The last action taken by the Linn County Circuit Court was in 1974.

Plaintiffs allege that in August, 1989, First Trust and the Oregon-based timber managers revealed that their practice of harvesting excessive amounts of timber was depleting the mature, marketable timber, resulting in a "black hole" situation, and ultimately causing a prolonged drop in income to the trust and its beneficiaries.

Plaintiffs' concern over the reduced income prompted Maud Hill Schroll's attempted replacement of the trustees. On September 13, 1989, First Trust filed a petition for instruction in Ramsey County District Court on whether Maud Hill Schroll had power to remove First Trust and appoint a successor trustee ("the Minnesota action"). An amended petition sought approval of First Trust's accounts for 1988 and 1989. The Minnesota action is pending before Judge Plunkett.

In March, 1990, plaintiffs filed an action in Linn County Circuit Court against First Trust and the timber managers, generally alleging trust mismanagement ("the Oregon action"). Specifically, plaintiffs raise claims of intentional and negligent breach of fiduciary duty, constructive fraud, conspiracy, fraud, fraudulent concealment, and abuse of process. Plaintiffs also seek par-

tition of the Oregon timberland and appointment of a receiver for this property. Plaintiffs pray for damages of $525 million. Judge Jackson L. Frost is presiding over the Oregon action.

After filing the Oregon action, plaintiffs filed an answer and objection to First Trust's amended petition in the Minnesota action. Plaintiffs alleged negligent mismanagement and attached a copy of the complaint filed in the Oregon action to their answer and objection.

In the Minnesota action, First Trust moved to enjoin further prosecution of the Oregon action. Judge Plunkett granted the motion on August 23, 1990. Judge Plunkett found that the Oregon action "raises the same issues [sic] or issues arising from the same series of transactions since 1946 presented by First Trust's Petition for Instructions and the Schrolls' objections and counterclaim in the Minnesota proceeding, filed March 19, 1990." *In re Trust Created by Louis W. Hill on December 31, 1917 for the Benefit of Maud Hill Schroll,* No. CO–47–260959, slip op. at 3 (Ramsey County Dist. Ct., Minn., Aug. 23, 1990).

Judge Plunkett was particularly concerned by plaintiffs' motion in the Oregon action to appoint a receiver, which he found a "direct impingement on this court's jurisdiction over the Maud Hill Schroll 1917 Trust." *Id.* Judge Plunkett specifically found that "[t]he issuance of an injunction would cause no hardship to the Schrolls, since they have a clear remedy available to them in this court, namely a motion for removal of the trustee and a claim for surcharge [for alleged mismanagement]." *Id.,* slip op. at 3–4. Judge Plunkett also found that prosecution of the Oregon action in addition to the Minnesota action, would result in substantial waste to the 1917 trusts. *Id.,* slip op. at 4.

Plaintiffs appealed Judge Plunkett's injunction to the Minnesota Court of Appeals. That appeal is pending. Judge Plunkett denied plaintiffs' motion to stay the injunction pending appeal. As a result of Judge Plunkett's injunction, Judge Frost ordered a stay of the Oregon action. *Maud Hill*

*Schroll v. First Trust Nat'l Ass'n,* No. 90-0413 (Linn County Cir. Ct., Or., Oct. 22, 1990). Plaintiffs represent that Judge Frost is now considering a *sua sponte* motion to vacate in part his order staying the Oregon action. Plaintiffs desire to participate in the hearing on that motion without risking contempt of Judge Plunkett's injunction.

## STANDARD

■■■ To obtain a preliminary injunction, the moving party must show either a combination of probable success on the merits and the possibility of irreparable injury, or serious questions on the merits and the balance of hardships tipping in its favor. *United States v. Odessa Union Warehouse Coop.,* 833 F.2d 172, 174 (9th Cir.1987). These two standards are points on a sliding scale, so that the moving party must show greater irreparable harm as its probability of success decreases. *Id.*

## DISCUSSION

Plaintiffs argue that Judge Plunkett's injunction deprives them of their fundamental right of access to the courts because the claims raised in the Oregon action can be brought only in Oregon. Defendant and interested parties argue that Minnesota is an adequate forum for all claims raised in the Oregon action.

In addition to arguing that Judge Plunkett's injunction does not deprive plaintiffs of access to the courts, defendant and interested parties raise a number of fundamental issues which I must address.

### A. *Subject Matter Jurisdiction*

■■■ Defendant argues that this court lacks subject matter jurisdiction under *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), which held that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court." *Id.* at 482, 103 S.Ct. at 1315. Defendant maintains that plaintiffs' claim is an attempt to

appeal Judge Plunkett's injunction to a federal district court.

Plaintiffs contend *Feldman* is inapplicable because Judge Plunkett's injunction is not a final judgment. Plaintiffs further argue that even if the injunction were a final judgment, *Feldman* is still inapplicable because it pertains only where the federal district court is asked to overturn a state court decision rendered on the merits.

*Feldman* applies to claims for both injunctive and declaratory relief. *Keene Corp. v. Cass,* 908 F.2d 293, 297 (8th Cir. 1990). *Feldman* also applies to state court judgments even though state court appeals are not final. *Worldwide Church of God v. McNair,* 805 F.2d 888, 893 n. 3 (9th Cir.1986). Where a litigant attempts to circumvent the requirements of seeking direct review in the United States Supreme Court by casting the lawsuit as a section 1983 action, *Feldman*'s jurisdictional bar applies. *Id.* at 893 n. 4.

■■■ Although a federal district court may not possess appellate jurisdiction to review a state court judgment, it may exercise jurisdiction over a general constitutional challenge made in a federal proceeding as long as the constitutional challenge is not "inextricably intertwined" with claims asserted in a state court proceeding. *Feldman,* 460 U.S. at 483, 103 S.Ct. at 1315-16.

> [T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

■■■ Plaintiffs' constitutional claim cannot be decided in the abstract. Evaluation of the claim requires a thorough review of Judge Plunkett's specific findings. It is quite possible that the federal claim is inextricably intertwined with Judge Plunkett's

order and therefore, this court might lack subject matter jurisdiction. Thus, there are serious questions as to whether plaintiffs will prevail on the merits.

### B. *Personal Jurisdiction*

Defendant and interested parties argue that this court lacks personal jurisdiction over Judge Plunkett. The Ninth Circuit employs a three-part test to determine whether specific personal jurisdiction is proper. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir.1986). Part one of this test requires that

> [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws.

*Id.*

■ Defendant and interested parties argue that Judge Plunkett did not purposefully avail himself of the benefits and protections of Oregon's laws. Judge Plunkett has taken no action in Oregon and has not enjoined the Oregon action. His order is directed only to the parties who voluntarily submitted to jurisdiction of the Minnesota courts. At a minimum, this argument presents a significant challenge to this court's jurisdiction. As such, it raises serious questions as to plaintiffs' ability to prevail on the merits.

### C. *Abstention*

Federal court injunctions of state court proceedings are governed by the Anti–Injunction Act. 28 U.S.C. § 2283. This Act provides that a federal court "may not grant an injunction to stay proceedings in a state court...." *Id.* "However, civil rights actions under section 1983 are among the exceptions to the Act that have been expressly authorized by Act of Congress." *Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 468 (9th Cir.1984) (citing *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972)). Nonetheless, "[e]ven in section

1983 cases, ..., the *Younger* doctrine may require a federal court to abstain from exercising its jurisdiction in certain actions when proceedings are pending in state court." *Id.* at 469 (discussing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).

■ There are three requirements for the proper invocation of *Younger* abstention: (1) ongoing state judicial proceedings, (2) implication of important state interests, and (3) an adequate opportunity in the state proceedings to raise federal questions. *Goldie's Bookstore*, 739 F.2d at 469. In this case, the first *Younger* requirement is met: there are ongoing state judicial proceedings both in the pending appeal of Judge Plunkett's order and in the underlying litigation.

■ The second *Younger* inquiry focuses *not* on the potential federal proceedings, but on the ongoing state proceedings. *Goldie's Bookstore*, 739 F.2d at 470. If the state proceeding either vindicates an important state policy, or is necessary for the functioning of the state judicial system, then *Younger* abstention may be appropriate. *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082–83 (9th Cir.1983) (citing *Trainor v. Hernandez*, 431 U.S. 434, 445, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Juidice v. Vail*, 430 U.S. 327, 335, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977)).

■ Minnesota has an interest in the proper administration of trusts under its jurisdiction. Minnesota also has a strong interest in reviewing the constitutionality of a state court judge's order. The state proceedings implicate important state interests. There is an adequate opportunity in the Minnesota actions to raise the federal questions raised here.

I recognize abstention is a "narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Miofsky v. Superior Court*, 703 F.2d 332, 338 (9th Cir.1983). Nonetheless, under *Younger* and its Ninth Circuit progeny, defendant and interested parties make a persuasive argument for abstention. Thus,

as with the subject matter and personal jurisdiction arguments, the *Younger* abstention argument raises serious questions as to plaintiffs' probable success on the merits.

### D. *Irreparable Injury*

"When the question is whether a federal court should enjoin a pending state court proceeding, even irreparable injury is insufficient unless it is both great and immediate." *Pulliam v. Allen,* 466 U.S. 522, 538 n. 17, 104 S.Ct. 1970, 1978 n. 17, 80 L.Ed.2d 565 (1984) (quoting *Younger,* 401 U.S. at 46, 91 S.Ct. at 751). Plaintiffs argue they have a strong showing of irreparable injury due to the continued mismanagement and overcutting of timber.

■■■■■ Plaintiffs submit an affidavit from Dr. Phil Tedder, a forestry management and economics expert. Dr. Tedder states that the overcutting and harvesting of immature trees of the Oregon timberland will result in significant losses, extending to generations into the future. However, economic loss is not ordinarily the irreparable harm required to support injunctive relief. *See, e.g., Joint Bd. of Control of Flathead, Mission v. United States,* 646 F.Supp. 410, 419 (D.Mont.1986), *rev'd on other grounds,* 832 F.2d 1127 (9th Cir.1987), *cert. denied,* 486 U.S. 1007, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988). Furthermore, Judge Plunkett's injunction did not cause this alleged irreparable injury. Granting plaintiffs' requested injunctive relief would not prevent the alleged timber mismanagement. Even absent Judge Plunkett's injunction, the current management practices will be unaffected until resolution of the underlying claims. Plaintiffs have not shown that a preliminary injunction can relieve the alleged irreparable harm.

■■■■ In addition to the alleged economic irreparable injury, plaintiffs argue that the injunction deprives them of their fundamental right of access to the courts. When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *Gutierrez v. Municipal Court,*

838 F.2d 1031, 1045 (9th Cir.1988), *vacated as moot,* 490 U.S. 1016, 109 S.Ct. 1736, 104 L.Ed.2d 174 (1989). Plaintiffs maintain that the partition claim can be brought only in Oregon. As for the other claims, they contend that there are non-party witnesses not subject to trial subpoena in Minnesota. Therefore, they argue that enjoining them from prosecuting the Oregon action is equivalent to depriving them of a forum for the claims brought in that action.

Plaintiffs have not shown irreparable injury. Judge Plunkett specifically found that the Minnesota and Oregon actions involved the same issues. He also found that plaintiffs have a remedy available to them in the Minnesota courts. Plaintiffs either already have, or can raise the tort claims currently pending in the Oregon action, as counterclaims to the Minnesota action. The fact that there are non-party witnesses who might testify on those claims does not render Minnesota an inadequate forum.

■■■ Plaintiffs strenuously argue that Oregon has exclusive jurisdiction over the partition claim. However, where the trustee has qualified as trustee in a court of the state in which the trust is to be administered, that court has primary supervision over the administration of the trust. *See* A. Scott & W. Fratcher, *The Law of Trusts,* § 570, at 165 (4th ed.1989). Approximately sixty-four percent of the 1917 trusts' *res* consists of stocks and bonds that are administered by a trustee who was qualified in Minnesota and who is domiciled there. Minnesota has primary supervision over the 1917 trusts.

■■■ The Minnesota Supreme Court has held that where it had jurisdiction over the trust beneficiaries and the trustee, it had jurisdiction to determine interests in land located in another state. *Thompson v. Nesheim,* 280 Minn. 407, 159 N.W.2d 910 (1968). The court stated that it may compel a conveyance of real estate situated in another state when it had *in personam* jurisdiction over the parties. *Id.* at 420, 159 N.W.2d 910 (citing *Pavelka v. Pavelka,* 116 Minn. 75, 133 N.W. 176 (1911)). In

*Thompson* the court obtained jurisdiction over the administrator of an estate and the estate's heirs through their appearance in defending the case. *Id.* 280 Minn. at 421, 159 N.W.2d 910. Thus, the court had jurisdiction to determine if plaintiff had any rights in the land located in Iowa, and ordered a conveyance of a one-half interest in the land to plaintiff. *Id.*

Under *Thompson,* the Ramsey County District Court may entertain plaintiffs' partition claim. That court has primary supervision of the 1917 Maud Hill Schroll Trust. That court has *in personam* jurisdiction of the trustee as well as the trust's beneficiaries through their appearance in defending the action there. Thus, that court has jurisdiction to determine interests in the land, even though it is located in Oregon.

Plaintiffs have not shown that Judge Plunkett's injunction amounts to an interference with, or deprivation of, their access to the courts. Thus, not only are plaintiffs not likely to succeed on the merits, they fail to show any irreparable injury. Had Judge Plunkett refused to hear plaintiffs' claims of mismanagement and partition, that would present a different question. In that case, plaintiffs would be absolutely precluded from trying important issues. However, Judge Plunkett has not so refused. Instead, he specifically found that plaintiffs had an adequate forum in Minnesota. Plaintiffs have failed to show either a probable success on the merits or irreparable injury.

## CONCLUSION

Plaintiffs' motion for a temporary restraining order and preliminary injunction is denied.