Maud Hill SCHROLL, J. Christopher Schroll and Susannah Schroll, Beneficiaries of the 1917 Trust for Maud Hill Schroll, Plaintiffs,

v.

The Honorable J. Jerome PLUNKETT, Judge of the District Court for Ramsey County, State of Minnesota, Defendant,

and

The Honorable Jackson L. Frost, Judge of the Circuit Court for Linn County, State of Oregon, First Trust National Association, a Minnesota corporation, a subsidiary of First Bank System, Inc., a Minnesota banking corporation, for itself and as Trustee of the 1917 Trusts for Louis W. Hill, Jr. and for Cortlandt T. Hill, Timber Services Company, an Oregon corporation, Mason, Bruce & Girard, Inc., an Oregon corporation, Barringer & Associates, Inc., an Oregon corporation, Jack Barringer, Carl Newport, Doherty, Rumble & Butler, a professional Minnesota law corporation, Richard Wilhoit, and Jon Theobald, Louis Fors Hill and Louis W. Hill, Jr., Trustees for the 1917 Trust for Louis W. Hill, Jr., and Gaylord Glarner, Trustee for 1917 Trust for Cortlandt T. Hill, Interested Parties.

Civ. No. 90–1109–PA.

United States District Court,
D. Oregon.

Feb. 7, 1991.

Barbara J. Gazeley, Leiberan & Gazeley, Portland, Or., Joseph L. Alioto, Sr., Alioto & Alioto, San Francisco, Cal., James M. Dombroski, Petaluma, Cal., for plaintiffs.

Richard S. Slowes, Asst. Sol. Gen., St. Paul, Minn., for defendant The Honorable J. Jerome Plunkett.

Edward L. Clark, Jr., Michael C. McClinton, Clark, Lindauer, McClinton, Krueger & Fetherston, Salem, Or., for interested parties First Nat. Ass'n, First Bank System, Inc., Timber Services Co., Barringer & Associates, Inc., Jack Barringer, Doherty, Rumble & Butler, Richard Wilhoit and Jon Theobald, Mason, Bruce & Girard, Carl Newport.

Paul M. Ferder, Ferder, Ogdahl, Brandt & Casebeer, Salem, Or., for interested party Louis Fors Hill.

Kendall M. Barnes, Jr., Trial Div., Salem, Or., for interested party The Honorable Jackson L. Frost.

## OPINION

PANNER, District Judge.

Plaintiffs Maud Hill Schroll, J. Christopher Schroll, and Susannah Schroll seek declaratory and injunctive relief under 42 U.S.C. § 1983. Defendant, The Honorable J. Jerome Plunkett, moves for judgment on the pleadings. I grant the motion, or alternatively, dismiss with prejudice.

## BACKGROUND

Plaintiffs are beneficiaries of the 1917 Maud Hill Schroll Trust. Plaintiffs seek to enjoin enforcement of defendant's order enjoining plaintiffs from proceeding with litigation concerning the trust in the Circuit Court of Linn County, Oregon. The facts are sufficiently stated in my prior opinion denying plaintiffs' motion for a preliminary injunction. *Schroll v. Plunkett*, 760 F.Supp. 1378, 1385 (D.Or.1990).

In that opinion I found that issues of subject matter jurisdiction, personal jurisdiction, and abstention were significant obstacles to plaintiffs' success on the merits. *Id.* at 1382, 1383, 1384. I also found that plaintiffs had not demonstrated an irreparable injury. *Id.* at 1385.

I held that the Minnesota court could entertain plaintiffs' partition claim. *Id.* at 1385. Once the Minnesota court has *in personam* jurisdiction over the parties, it can determine the parties' rights in out-of-state land and order a conveyance if necessary. *Id.* (citing *Thompson v. Nesheim*, 280 Minn. 407, 420, 159 N.W.2d 910 (1968)).

The fact that *Thompson* is not a partition case is irrelevant. A partition is a division of land held, for example, by tenants in common, or any division of property between co-owners. *See, e.g., Stanley v. Mueller*, 222 Or. 194, 209, 350 P.2d 880 (1968). Ordering partition is no different from directing a conveyance. Inasmuch as plaintiffs had, or could, raise the Linn County claims in the Minnesota action, plaintiffs failed to show that defendant's order deprived them of access to the courts. *Schroll v. Plunkett*, at 1385.

Defendant now moves for judgment on the pleadings based on the three grounds raised at the preliminary injunction hearing.

## STANDARD

A motion for judgment on the pleadings is allowed after the pleadings are closed but within such time as not to delay the trial. Fed.R.Civ.P. 12(c). Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991). All allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *Id.*

## DISCUSSION

### A. *Subject Matter Jurisdiction*

Defendant maintains that plaintiffs are appealing his order to a federal district

court. Under *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), this court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the Supreme Court]." *Id.* at 482, 103 S.Ct. at 1315.

■ *Feldman* is not limited to final judgments. *See, e.g., Keene Corp. v. Cass,* 908 F.2d 293, 297 (8th Cir.1990) (*Feldman* applies to state court order granting motion to compel); *Worldwide Church of God v. McNair,* 805 F.2d 888, 893 n. 3 (9th Cir.1986) (*Feldman* applies to state court judgments even though state court appeals not final); *Delahunty v. State of Haw.,* 677 F.Supp. 1052, 1055 (D.Haw.1987) (*Feldman* requires that there be at least an appealable decision of a state trial court).

■ Defendant's order is an appealable decision of a state trial court. In fact, plaintiffs have appealed it. *Feldman* applies. Plaintiffs maintain that this court has jurisdiction because their claim is a "general challenge to a rule", not a review of the merits of claims pending before defendant. *Feldman* distinguished general challenges to state rules, which may be brought in federal district courts, from challenges to state courts' applications of such rules to certain cases, which may not be brought in federal district courts. *Feldman,* 460 U.S. at 483–84, 103 S.Ct. at 1315–16.

Determining whether defendant's order deprives plaintiffs of access to the courts requires a review of its merits. At issue are defendant's specific findings regarding his jurisdiction to hear plaintiffs' claims. This is not a general challenge to a Minnesota rule or procedure. It is a challenge to a state court's specific application of state rules to a case. This court lacks subject matter jurisdiction over such a claim. The appropriate disposition is dismissal of the action. *MacKay v. Pfeil,* 827 F.2d 540, 543 (9th Cir.1987).

#### B. *Personal Jurisdiction*

The Ninth Circuit employs a three-part test to determine whether specific personal

jurisdiction exists over a nonresident defendant. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.), *cert. granted,* —— U.S. ——, 111 S.Ct. 39, 112 L.Ed.2d 16 (1990). Part one requires that

> [t]he defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

*Id.*

Defendant argues that he did not purposefully avail himself of the benefits and protections of Oregon's laws. He took no action in Oregon and did not enjoin the Linn County litigation. His order is directed only to parties who voluntarily submitted to jurisdiction of the Minnesota courts.

Plaintiffs maintain that out-of-state actions having an effect in the forum meet the purposeful availment standard. In *Lake v. Lake,* 817 F.2d 1416, 1423 (9th Cir.1987) the court held that the defendant took his actions "for the very purpose of having their consequences felt in the forum state." Therefore, his intentional conduct was calculated to cause injury to the plaintiff in the forum state. *Id.* at 1422.

■ The purposeful availment standard is not met when defendant's actions simply happen to have an effect in the forum. *Shute,* 897 F.2d at 381 (focus upon affirmative conduct of the defendant designed to ensure that defendant is not haled into court as the result of random, fortuitous, or attenuated contacts). The standard requires an intentional act calculated to cause injury in the forum such that being haled into the forum's courts is reasonably foreseeable. *Lake,* 817 F.2d at 1421–22.

■ Defendant issued his order to prevent impingement on his jurisdiction over the 1917 Maud Hill Schroll Trust. *Schroll v. Plunkett,* at 1381. Though the order had an effect on the Linn County litigation, defendant's act does not rise to the requisite level of intentional conduct calculated to cause injury in the forum. He did not

purposefully avail himself of the benefits and protections of the forum's laws.

 Even if defendant had so purposefully availed himself, jurisdiction over him would be unreasonable. Part three of the Ninth Circuit test requires that the exercise of jurisdiction be reasonable. *Shute*, 897 F.2d at 381. Seven factors are used to evaluate reasonableness: the extent of purposeful interjection; the burden on the defendant; the extent of conflict with the sovereignty of defendant's state; the forum state's interest in adjudicating the suit; the most efficient judicial resolution of the dispute; the convenience and effectiveness of relief for the plaintiff; and the existence of an alternative forum. *Id.* at 386.

If it exists at all, the extent of purposeful interjection here is minimal. Though Oregon has an interest in actions implicating management of its timberland, Oregon has no special interest in adjudicating this suit. The issue here is not timber management but whether defendant's injunction deprives plaintiffs of access to the courts. The most efficient judicial resolution of this dispute is in the Minnesota Court of Appeals which is the alternative forum. Personal jurisdiction over defendant is unreasonable.

### C. *Abstention*

 Civil rights actions under section 1983 are exempt from the usual prohibition on federal court injunctions of state court proceedings. *Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 468 (9th Cir.1984) (citing *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162–63, 32 L.Ed.2d 705 (1972)). Nonetheless, *Younger* abstention may still be required when proceedings are pending in state court. *Id.* at 469 (discussing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).

Plaintiffs' appeal of defendant's order is still pending. The first requirement for *Younger* abstention is met. *Schroll v. Plunkett*, at 1383. Minnesota has a strong interest in reviewing the propriety of a state judge's order. *Id.* This is especially true when that order was issued to protect the Minnesota District Court's jurisdiction. The second *Younger* abstention requirement is met. Plaintiffs have an adequate opportunity in the Minnesota action to raise the federal questions raised here. *Id.* at 1383–84.

"Where *Younger* abstention is appropriate, a district court cannot refuse to abstain.... *Younger* abstention requires *dismissal* of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir.1988) (emphasis in original).

### CONCLUSION

Defendant's motion for judgment on the pleadings is granted based on lack of personal jurisdiction. Alternatively, the action is dismissed with prejudice based on lack of subject matter jurisdiction and abstention.

DATED this 7th day of February, 1991.